(No. 20573.—

THE PEOPLE *ex rel.* George H. Worth, Appellant, *vs.* THE CITY OF WAUKEGAN, Appellee.

*Opinion filed April 23, 1931.*

GEORGE W. FIELD, for appellant.

ARTHUR BULKLEY, Corporation Counsel, (OKEL S. FUQUA, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

A petition, and later an amended petition, in the name of the People of the State on the relation of George H. Worth, was filed in the circuit court of Lake county, charging, among other things, that, pursuant to a civil service examination, he was certified and on March 21, 1919, was appointed engineer of the waterworks of the city of Waukegan; that he accepted the appointment and performed the duties of the position until January 8, 1929, when without cause, complaint or notice, he was discharged therefrom; that the position still exists and appropriations for the payment of the salary have been made annually; that its duties have been performed by one William Ward and that the salary to which the relator is entitled has been paid to Ward. The prayer of the petition was for the issuance of a writ of *mandamus* commanding the members of the civil service

commission to certify and the members of the city council to direct the payment of the relator's salary from January 15, 1929, to the time the petition was filed, and for the re-instatement of the relator in his position as engineer of the city's waterworks. The respondents interposed a demurrer to the amended petition and the demurrer was sustained. The relator elected to abide by his petition without further amendment and the petition was dismissed. Asserting that the validity of a statute is involved in the case, the relator prosecutes an appeal from the order of dismissal directly to this court.

The record fails to disclose that the question of the validity of the act entitled "An act in relation to judicial notice," (Cahill's Stat. 1929, p. 1310; Smith's Stat. 1929, p. 1467), challenged on this appeal, was presented to the circuit court. That court was not asked to determine the constitutional question now raised. A cause cannot be brought directly to this court from the trial court, either by appeal or writ of error, upon the ground that the validity of a statute is involved unless the record discloses that the question was presented to the trial court for decision and preserved for review. *Phelps* v. *Board of Appeals,* 325 Ill. 625; *Albrecht* v. *Omphghent Township,* 324 id. 200; *People* v. *Pettow,* 320 id. 572; *People* v. *Maffei,* 315 id. 226; *Davis* v. *Industrial Com.* 297 id. 29; *McNeil & Higgins Co.* v. *Neenah Cheese Co.* 290 id. 449; *People* v. *Rawson,* 278 id. 654; *Moses* v. *Royal Indemnity Co.* 276 id. 177; *Wennersten* v. *Sanitary District,* 274 id. 189.

The appeal should have been taken to the Appellate Court for the Second District, and the cause is transferred to that court.                    *Cause transferred.*