(No. 26167.— )

ARMIN F. HILLMER, Appellant, *vs.* THE CHICAGO BANK OF
COMMERCE *et al.*—(HARLEY L. CLARKE, Appellee.)

*Opinion filed Nov. 18, 1941—Rehearing denied January 14, 1942.*

LEONARD & LEONARD, OWENS & OWENS, and JOHN A.
RUSSELL, (EDMUND G. PABST, of counsel,) for appellant.

ROSENBERG, STEIN & ROSENBERG, (MERWIN S. ROSEN-
BERG, of counsel,) for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of
the court:

This is a direct appeal from an order of the superior
court of Cook county entered in a consolidated suit prose-
cuted for the purpose of enforcing the constitutional lia-

bility of the stockholders of the Chicago Bank of Commerce. Appellee filed a motion to dismiss the appeal which was taken with the case and since it presents a jurisdictional question it will be given first consideration.

Appellant claims that part of section 11 of the Banking act (Ill. Rev. Stat. 1941, chap. 16½, par. 11,) which provides: "Said receiver shall have authority upon the order of the court appointing him to employ such auditors and assistants as may be necessary to establish and recover the liabilities of the stockholders, and may, with the approval of the court enter into compositions with insolvent stockholders, if any," under which the proceeding was conducted, is unconstitutional. In support of his motion to dismiss appellee claims the constitutional question was not presented or passed upon by the trial court.

The facts necessary to be considered in connection with said motion are as follows: Appellee, Harley L. Clarke, was a stockholder in said bank and on September 17, 1938, a decree was entered fixing his liability at $276,621.44. On May 16, 1940, he filed a petition in which he alleged facts pertaining to the value of his assets and the amount of his indebtedness which, if proved, would show him to be wholly insolvent. He represented he was endeavoring to compromise his indebtedness with his creditors, and in settlement of the stockholder's liability judgment he offered to pay $5000 for a complete release and satisfaction of the same. He prayed for a hearing, that he be declared insolvent and that his offer of compromise and settlement be accepted. Two answers were filed to the petition, one by a group of creditors headed by the appellant, Armin F. Hillmer, the other by a group of creditors headed by Manuel Vega. Each of the answers traversed the allegations of fact but raised no constitutional questions. The matter was referred to a master in chancery to take the evidence and state conclusions of fact. After the taking of considerable evidence the master made his findings of fact to

which appellant filed ten objections. On the hearing they were ordered to stand as exceptions. The record discloses that these objections were argued to the court and, on October 18, Clarke gave notice to attorneys for appellant that on October 22, "he would ask for an entry of an order in accordance with the oral decisions heretofore rendered" and on the latter date the order was entered which overruled exceptions, confirmed the report, found Clarke to be insolvent and that his offer of $5000 was fair and reasonable and should be accepted.

The order directed that the receiver be "and is hereby authorized and directed to accept the said sum of $5000 in cash in full and complete settlement and satisfaction of the aforementioned decretal liability * * * that upon receipt of said sum of $5000 said J. A. Whalen, receiver, issue his satisfaction in full of said aforementioned decretal liability." In December, 1940, Clarke moved for an order of court to require the receiver to comply with the order of October 22. On January 16, 1941, an order was entered on said motion which found that Clarke had tendered to the receiver the $5000 referred to in the order of October 22 and that the receiver declined to accept it. It was ordered that the receiver "forthwith accept from the said Harley L. Clarke * * * the sum of $5000 in cash, in full and complete settlement and satisfaction of the decretal liability owing herein by the said Harley L. Clarke," etc., and that the said receiver forthwith issue a satisfaction in full of said aforementioned decretal liability. On the same day, the receiver executed a release and satisfaction of said decretal liability.

The same day the order of October 22, 1940, was entered, appellant obtained leave of court and filed what is termed "Additional Exceptions and Amended Answer" and in this it is alleged the quoted provision of section 11 of the Banking act violates various Federal and State constitutional provisions. In the presentation of the questions

raised by the motion to dismiss the appeal, counsel for the respective parties have undertaken to make an issue of fact as to whether the "Additional Exceptions and Amended Answer" were passed upon by the trial court. Each side has filed affidavits which set forth the procedure relating to the filing of the "Additional Exceptions and Amended Answer." The one filed on behalf of appellee supports his theory that it was not filed prior to the entering of the order and was never passed upon by the court, while the affidavit filed by appellant to support the direct appeal shows it was understood by the court and attorneys for appellee that the constitutional question was before the court and considered in the entering of the order of October 22. It is not necessary to determine the question of fact thus raised by the affidavits for none of the pleadings, objections to evidence, exceptions to master's report or court orders contain any objection that any part of section 11 violates constitutional provisions. The law is, that if the record presented does not affirmatively show that the question was presented in some form or other and passed upon by the trial court, this court has no jurisdiction to review the case by direct appeal. *People* v. *City of Waukegan,* 344 Ill. 60; *Opaque Cloth Shade Co.* v. *Veight,* 161 id. 337; *Phelps* v. *Board of Appeals,* 325 id. 625; *Albrecht* v. *Omphghent Township,* 324 id. 200.

Appellants contend that the constitutional question was preserved by one of the objections filed by him to the master's report. The objections, ten in number, relate to the master's findings as to ownership of certain properties, the amount of judgments and the value of the property. The ninth objection charges that certain transactions were fraudulent and concludes "to permit such transactions to defeat or impair the rights of creditors would vitiate the constitution and statutes of the State of Illinois and the bankruptcy laws of the United States." Where a statute is charged to be unconstitutional, the objection must be

specific and complete in order to fully present the matter to the trial court. A mere assertion appearing of record that an act is unconstitutional is not sufficient to clothe this court with jurisdiction upon a direct appeal. (*Hawkins* v. *Hawkins,* 350 Ill. 227; *Valerius* v. *Perry,* 342 id. 147.) The determination of the constitutional question in the form of a ruling thereon must appear in the record and the ruling thus shown must be the thing or one of the things relied upon for the reversal of the judgment. *Griveau* v. *South Chicago City Railway Co.* 213 Ill. 633.

The proper motion for appellees to have made in this court was for a transfer of the cause to the Appellate Court and not for a dismissal of the appeal. The motion to dismiss the appeal will be denied but it is the duty of this court to protect its jurisdiction and decline to proceed where jurisdiction is wanting. *Jones* v. *Horrom,* 363 Ill. 193; *Will* v. *Voliva,* 344 id. 510.

For the reasons assigned, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*