(No. 26790.— )

THE CITY OF WATSEKA, Appellee, *vs.* SIMON BLATT, Appellant.

*Opinion filed January 19, 1943.*

SHAPIRO & LAURIDSEN, for appellant.

DAVID E. ORAM, City Attorney, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Iroquois county. Appellant was charged in a complaint filed before a justice of the peace with unlawfully extending and operating a junk yard on premises within the business district of Watseka, in violation of a zoning ordinance. On appeal to the circuit court, appellant was found guilty and sentenced to pay a fine of $25 and costs.

There is no certificate in the record of the trial judge that the validity of a municipal ordinance is involved, and that the public interests require a direct appeal to this court, as required by section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1941, chap. 110, par. 199.) Such certificate, however, is not required in order to give this court jurisdiction on direct appeal where the validity of an ordinance is challenged on constitutional grounds. (*City of Bloomington* v. *Wirrick, ante,* p. 347.) In the absence of such certificate it must appear from the record that a constitutional question is involved.

In the statement of errors relied upon for reversal, in the brief of appellant, it is alleged that the ordinance is "uncertain, indefinite, oppressive, unreasonable, unconstitutional, discriminatory and confiscatory." It is further stated that the ordinance involved is "contrary to the constitution of the State of Illinois" and "contrary to the constitution of the United States of America." These assignments are all inclusive. They cover a great deal of territory, but they identify nothing. No argument or suggestions are found in the brief in support of these assignments, other than the bare statement that the ordinance violates the due process clauses of both the State and Federal constitutions. No reasons are pointed out why it is claimed the ordinance violates either the State or Federal constitution. The question on this point rests on the mere statement of counsel that the zoning ordinance is unconstitutional.

It has been repeatedly held by this court that a mere assertion that a constitutional question is involved, or a constitutional right invaded, is not, of itself, sufficient to confer jurisdiction on this court on direct appeal. (*Hawley Products Co.* v. *May,* 377 Ill. 506; *Economy Dairy Co.* v. *Kerner,* 371 id. 261; *Ryan* v. *City of Chicago,* 363 id. 607; *Hawkins* v. *Hawkins,* 350 id. 227.) It is not enough to authorize a direct appeal to this court, from a trial court, to assign as error that a statute is unconstitutional. But

the actual existence of a question in regard to the construction of the constitution, which is fairly debatable, is necessary to justify a direct appeal. The mere allegation in a pleading or an assignment of error that a statute is unconstitutional does not raise a constitutional question which will confer jurisdiction on this court.

Appellant having nowhere in his brief and argument pointed out the grounds upon which the assignment of error as to the invalidity of the ordinance is based, and no grounds for the contention that the ordinance is "contrary to the constitution," this court has no jurisdiction on direct appeal.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*