(No. 31350.—Cause transferred.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIE COSPER, Plaintiff in Error.

*Opinion filed March 22, 1950—Rehearing denied May 15, 1950.*

HERBERT M. WETZEL, of Chicago, DEMETRI M. SPIRO, and L. B. WEIR, of counsel,) for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and FRANCIS McGUIRE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Defendant, Louie Cosper, was convicted in the municipal court of Chicago on two separate informations charging him with contributing to the delinquency of female children, and in a trial before the court was found guilty of each charge. In each case he was sentenced to serve one year in the house of correction, the sentences to run concurrently. He prosecutes a writ of error directly to this court.

The offenses for which the defendant was convicted are misdemeanors, and hence no direct review lies in this court, because they are not punishable with imprisonment in the penitentiary. (Ill. Rev. Stat. 1949, chap. 38, pars. 585-586.) He seeks to invoke the jurisdiction of this court because of constitutional grounds set out in his assignment of errors to this court. The defendant raised no constitutional question in the municipal court.

The errors raised in the trial court, on motion to quash and also by motions in arrest of judgment, involved the validity of the arrest of the defendant, the sufficiency of the information charging the crime, and that the court improperly allowed the People to amend one of the informations. No constitutional question was urged in the trial court. We have held a number of times that in order to raise a constitutional question, authorizing a direct appeal to this court, the question of the violation of the constitution must not only be raised in a proper procedural manner in the trial court, but must be passed upon and decided by that court. *Ryan* v. *City of Chicago,* 363 Ill. 607; *People*

*ex rel. Rago* v. *Lipsky,* 390 Ill. 70; *People ex rel. Templeton* v. *Board of Education,* 399 Ill. 204.

The record in this case does not disclose that a constitutional question was raised or decided, and neither does it disclose any ground which gives us jurisdiction of a writ of error to review a conviction of a misdemeanor by the municipal court of Chicago.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*