(No. 31863.

ORTON CRANE & SHOVEL COMPANY, Appellant, *vs.* FEDERAL RESERVE BANK OF CHICAGO *et al.*, Appellees.

*Opinion filed May 24, 1951.*

Daniel A. Covelli, of Chicago, (Robert J. Collins, of counsel,) for appellant.

Dent, Hampton & Doten, of Chicago, for appellees.

Mr. Chief Justice Simpson delivered the opinion of the court:

Appellant appeals directly to this court, from a judgment of the municipal court of Chicago in favor of appellees, on the theory that a constitutional question is involved.

The cause was heard in the trial court on a stipulation of facts and documentary evidence. A review of the stipulated facts reveals that an employee of appellant had

developed a fraudulent scheme whereby he secured checks to be issued by appellant, based on nonexistent invoices of purchases, payable to living persons and firms from whom appellant from time to time purchased materials and supplies. The dishonest employee intercepted each of the checks, which were issued pursuant to false entries he had made in the books of the company, before they could be delivered to the payee, and, after forging an endorsement, succeeded in getting the checks cashed through a confederate, who deposited the checks in one of the defendant banks for collection. Since the checks bore the true signature of the maker, they were paid in due course by appellant's bank. Some thirty-five checks were issued and cashed through forged endorsements, over a period of more than three years, before the deception was discovered. Appellees are banks who received the checks in due course of business, for deposit or collection, without notice of infirmity, and guaranteed all prior endorsements as required by the rules of the Federal Reserve System. The trial court found the issues in favor of the defendant banks and entered judgment accordingly.

The trial court record on appeal contains only an order denying all pending motions; a stipulation of facts with exhibits attached; judgment order of the trial court finding the issues against the plaintiff and in favor of defendants; and a report of proceedings consisting principally of a colloquy between the court and counsel concerning setting of the cause for trial, an agreement that the issues be determined on a stipulation of facts and written briefs, and, finally, an announcement by the trial judge that the finding would be for the defendants, and that, in his opinion, paragraph 3 of section 9 of the Negotiable Instruments Act was constitutional. The record does not contain the writs, pleadings, motions, orders or any of the matters from which it could be determined what constitutional issues if any were tried or what constitutional questions

were presented in the trial court. Appellant in its brief asserts that the voluminous pleadings, motions and orders were omitted from the record on appeal because the cause was being presented as an agreed case.

In order to supply the failure of the trial court record to contain the pleadings and other required matters showing a constitutional question, appellant's brief attempts to state the nature of the pleadings. It is said that the defendants interposed an affirmative defense based on section 9(3) of the Negotiable Instruments Act, which provides that an instrument is payable to bearer when it is payable to the order of a fictitious person or nonexistent or living person not intended to have any real interest in it, and such fact was known to the person making it so payable, or known to his employee or other agent who supplies the name of such payee. (Ill. Rev. Stat. 1949, chap. 98, par. 29.) It is asserted that appellant's reply challenged the constitutionality of this statute. Neither the trial court record nor the brief of appellant discloses on what ground the constitutionality of the statute was attacked, or how the question was presented, if at all, or what ruling or orders of the trial court were made disposing of any such question. The most that can be gleaned from the record is that the trial judge stated verbally at the close of the case that he would enter a finding in favor of the defendants and that, in his opinion, the statute in question was constitutional. Every statute is presumed in law to be constitutional, and, for aught that appears in the record, the trial judge may have been indulging in the accepted presumption of constitutionality. It is not enough to authorize a direct appeal to this court, from a trial court, to merely assign as error that a statute is unconstitutional. The actual existence of a question in regard to the construction of the constitution, which is fairly debatable, must appear of record to have been presented and passed upon in the trial court, to justify a direct appeal. The mere assertion

that a constitutional question is involved or the mere allegation in a pleading or an assignment of error that a statute is unconstitutional does not raise a constitutional question which will confer jurisdiction on this court. (*City of Watseka* v. *Blatt,* 381 Ill. 276.) The determination of the constitutional question in the form of a ruling thereon must appear in the record and the ruling thus shown must be the thing, or one of the things, relied upon for the reversal of the judgment. *Hillmer* v. *Chicago Bank of Commerce,* 378 Ill. 449.

Where a statute is charged to be unconstitutional, the objection must be specific and complete in order to fully present the matter to the trial court. (*Hillmer* v. *Chicago Bank of Commerce,* 378 Ill. 449.) It was incumbent upon appellant to point out and preserve for review the particular respect in which the statute in question violated some constitutional limitation. The most that appellant has done in that respect is to assert that certain sections of our Federal and State constitutions prohibit the taking of property without due process of law. In what particular the statute in question violates these provisions of the respective constitutions is not specified either in the trial court or in appellant's brief on appeal. Due process of law has, so many times as to require no citation of cases, been held to be an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. (*Valerius* v. *Perry,* 342 Ill. 147.) It is not contended that these conditions of due process have been violated in this case. We have already pointed out that a constitutional question is not involved on the bare assertion of counsel in his brief or assignments of error.

This court has no jurisdiction of this cause, and it is transferred to the Appellate Court for the First District.

*Cause transferred.*