(Nos. 32434, 32583, 32586.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT O'CONNOR, Plaintiff in Error.—Same Defendant in Error, *vs.* FRED DE PAULO, Plaintiff in Error.—Same Defendant in Error, *vs.* HARRY MIMS, Plaintiff in Error.

*Opinion filed January 22, 1953.*

THADDEUS C. TOUDOR, LOU NATHANSON, and ZOE KUTA, all of Chicago, for plaintiffs in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

These three cases are consolidated for hearing and opinion in this court because the same questions of law and fact are involved in all of them. They are brought here by the same attorneys and on substantially the same briefs and records.

In each one of these cases an information was filed in the municipal court of Chicago charging the plaintiff in error with a violation of the Uniform Narcotics Drug Act, by unlawfully having in his possession a certain habit-forming drug called heroin. Each defendant was represented by counsel. Robert O'Connor and Fred De Paulo pleaded not guilty and waived a trial by jury, and after hearing the evidence the court found each of them guilty. O'Connor was sentenced to confinement in the county jail of Cook County for the term of two years, and De Paulo to the house of correction of the city of Chicago for the term of one year. Plaintiff in error Mims pleaded guilty. Thereupon the court sentenced him to confinement at labor in the house of correction of the city of Chicago for the term of five years, imposed a fine of $5000, and ordered that in default of the payment thereof he stand committed in the house of correction until the fine was worked out at the rate of $1.50 a day. Each defendant sued a writ of error out of this court to review the judgment and each has submitted his case on the common-law record.

The grounds relied upon for reversal are that the statute, as amended, is unconstitutional; that the defendant was convicted without due process of law, in violation of section 8 of article II of the constitution of Illinois, and in violation of the fifth amendment to the constitution of the United States. It is also claimed that the 1951 amendment to the Uniform Narcotics Drug Act, which changed the penalty theretofore provided by the act, is unconstitutional, and that the municipal court of Chicago had no jurisdiction, in view of the amended penalty provided by the act, as the violation of the act as charged in the information may be prosecuted only by indictment and not by information.

The penalty provision of the act in question, in so far as the same is pertinent, reads as follows: "Whoever violates this Act by possessing, having under his control, manu-

facturing or compounding any narcotic drug shall be fined for the first offense not more than $5,000.00, or be imprisoned for a period of not less than 1 year nor more than 5 years, or both. For any subsequent offense the violator shall be imprisoned in the penitentiary for any term from 2 years to life." Ill. Rev. Stat. 1951, chap. 38, par. 192.23.

The first question that confronts us is whether this court has jurisdiction in these cases. While it is alleged and argued here that the act as amended is unconstitutional, there is nothing in the common-law record before us to show that this constitutional question was urged in the trial court. We have held a number of times that before a constitutional question will be considered in this court, and authorize a direct appeal to this court, the violation of the constitution must not only be raised in a proper procedural manner in the trial court, but must be decided by and passed upon by the trial court. *People* v. *Cosper,* 405 Ill. 543.

From an examination of the briefs presented in behalf of plaintiffs in error it appears to us that the real question presented involves the construction of the act rather than its constitutionality, and that question does not give this court jurisdiction except in the case of a felony. (Ill. Rev. Stat. 1951, chap. 38, par. 780½.) Our statute defines a felony as an offense punishable with death or by imprisonment in the penitentiary, and says that every other offense is a misdemeanor. (Ill. Rev. Stat. 1951, chap. 38, pars. 585, 586.) There is nothing in the act which imposes the penalty of death or imprisonment in the penitentiary for the first offense. The informations here do not charge a second offense, and therefore it would appear that the right of review of plaintiffs in error is in the Appellate Court and not in this court.

The causes are, therefore, transferred to the Appellate Court, First District.

*Causes transferred.*