(No. 32835.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN CHENNAULT, Plaintiff in Error.

*Opinion filed November 18, 1953.*

LOUIS J. GILIBERTO, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error was prosecuted by information in the municipal court of Chicago for unlawfully having in his possession a habit-forming drug, in violation of the Uniform Narcotics Drug Act. Without representation by counsel he pleaded not guilty, and waived trial by jury. After hearing the evidence the court found him guilty and sentenced him to confinement in the county jail for five years and to pay a fine of $5000. He has sued a writ of error out of this court to review the judgment, presenting only the common-law record.

To reverse the judgment plaintiff in error argues that the information is defective; that the statute is unconstitutional; that the municipal court was without jurisdiction

over the offense; that the sentence constitutes cruel and unusual punishment, in violation of the constitution; and that plaintiff in error was denied due process of law because of the absence of counsel. None of the constitutional questions at issue here was presented to or passed upon by the municipal court.

The offense for which plaintiff in error was convicted is a misdemeanor (*People* v. *O'Connor,* 414 Ill. 51,) and hence no direct review of the present judgment can lie in this court unless some constitutional issue is sufficiently presented to satisfy the requirement for such review. In order to authorize a direct review by this court on writ of error, the constitutional question must have been raised in the trial court and passed upon by it. (*People* v. *O'Connor,* 414 Ill. 51; *People* v. *Cosper,* 405 Ill. 543.) Since this requirement was not met in the case at bar, jurisdiction for the purpose of review is in the Appellate Court.

The cause will be transferred to the Appellate Court, First District.

*Cause transferred.*