(No. 35406.—

JOHN J. BECK *et al.*, Appellants, *vs.* VERA M. BINKS, Director of Registration and Education, Appellee.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

Davis and Schaefer, JJ., dissenting.

Edwin S. D. Butterfield, of Chicago, for appellants.

Grenville Beardsley, Attorney General, of Springfield, (William C. Wines, Raymond S. Sarnow, and A. Zola Groves, Assistant Attorneys General, of counsel,) for appellee.

Mr. Chief Justice House delivered the opinion of the court:

This is an appeal by plaintiffs from a judgment order dismissing their second amended complaint for a declaratory judgment against the Director of the Department of Registration and Education of the State of Illinois and holding that the complaint presented no justiciable controversy. Plaintiffs seek a construction that naprapathy be declared a legitimate system of treating human ailments within the purview of subsection 2 of section 5 of the Medical Practice Act, (Ill. Rev. Stat. 1957, chap. 91, par. 5,) and that examination and licensing of practitioners of that system be declared a legitimate subject of regulation thereunder. They assert that the defendant Director, by refusing to examine and license, has prevented them from practicing in violation of their constitutional rights of due process and equal protection.

The complaint identifies the 38 parties plaintiff only as students who "have been and are being trained to treat

human ailments without drugs or medicines and without operative surgery by that system or method of treating human ailments known as naprapathy." It alleges nothing more than that an actual controversy exists and that the defendant as Director refuses to recognize the practice of naprapathy and does not give examinations to practitioners of the system.

At the outset we are confronted with the question of whether the complaint states a cause of action under the provisions of the declaratory judgment section of the Civil Practice Act. (Ill. Rev. Stat. 1957, chap. 110, par. 57.1.) It provides in part: "The court may, in cases of actual controversy, make binding declarations of rights, * * * at the instance of anyone interested in the controversy, * * *." That provision does not authorize a court to grant declarations of rights involving mere abstract propositions of law without regard to the interests of the parties. An actual controversy must exist before a declaration of rights may be made. (*Exchange Nat. Bank* v. *County of Cook,* 6 Ill.2d 419; *Spalding* v. *City of Granite City,* 415 Ill. 274.) Applying the foregoing to this case, we find that the complaint is deficient in two respects. First, the allegations of schooling and training do not establish that plaintiffs have a sufficient interest in the subject matter to maintain a declaratory action. Second, since there is no attempt to define naprapathy, nor does that system of treatment come within the ambit of judicial notice, it cannot be ascertained whether an actual controversy exists. As was aptly argued by the defendant, for aught that appears, naprapathy may be but a variant of osteopathy or chiropractic, both of which are already regulated by the Medical Practice Act. In our opinion the complaint does not present a justiciable question.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DAVIS, dissenting:

It is clear that we have jurisdiction to consider this case on direct appeal. By motion to vacate the judgment, plaintiffs directly raised the question that the amended complaint properly charged a violation of section 2 of article II of the constitution of Illinois. The record before us reflects that a constitutional question was presented to and decided by the trial court. *People* v. *O'Connor,* 414 Ill. 51.

The second amended complaint alleged that the plaintiffs have been and are being trained to treat human ailments without the use of drugs or medicines and without operative surgery by a system known as naprapathy and that the defendant refused to recognize such system and to give examinations to its practitioners. While this complaint was not a model of pleading, these allegations were sufficient to show an interest in the plaintiffs and a controversy between the plaintiffs and defendant who allegedly arbitrarily refused to recognize their system.

The charge of discriminatory refusal to recognize this system for the treating of human ailments, certainly gave rise to an actual justiciable controversy between practitioners of the system and the regulatory officer. *Chicago College of Osteopathy* v. *Puffer,* 5 Ill.2d 441; *People* v. *Witte,* 315 Ill. 282; *People* v. *Love,* 298 Ill. 304; Ill. Rev. Stat. 1957, chap. 91, par. 12.

Nor do I believe that the amended complaint was fatally deficient in failing to define naprapathy. It was defined in the amended complaint in the language of the Medical Practice Act, (Ill. Rev. Stat., 1957, chap. 91, par. 5(2),) as a legitimate system or method of treating human ailments without the use of drugs or medicines and without operative surgery. It is also defined in Webster's New Century Dictionary as "a system of treatment based on the theory that disease symptoms are due to strained or contracted ligaments and disorders of the connective tissue and can be cured by massage." While it may be contended that the language

of the complaint states a conclusion, I believe it more appropriate to treat such averment as an allegation of ultimate fact, which may be readily controverted by answer.

The purpose of a complaint is to state the nature of a claim in such manner that the attendant issues may be clearly defined. The amended complaint here gave notice of the issue—that plaintiffs are trained practitioners of a legitimate system of treating human ailments, and that they have been unlawfully discriminated against by defendant. Neither the artlessness of their pleading, nor this court's view of the merits of their position should deny them a right to a hearing on this issue.

Mr. Justice Schaefer joins in this dissent.