(No. 35613.—

TOM SENO *et al.,* Appellees, *vs.* CORNELIA FRANKE *et al.,*
Appellants.

*Opinion filed September 29, 1960.*

ALFRED M. LOESER, of Chicago, for appellants.

CHINO & SCHULTZ, of Chicago, for appellees.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County upon a supplementary proceeding to enforce a judgment pursuant to section 73 of the Civil Practice Act. (Ill. Rev. Stat. 1959, chap. 110, par. 73.) The trial court found, after hearing, that defendant Cornelia Franke, a judgment debtor, was indebted to plaintiffs in the amount of $5,902.92; that said defendant was the owner of a beneficial interest in a certain land trust, which she transferred to her son, the third party defendant, Lothair Franke, who holds the beneficial interest as agent and in trust for the use and benefit of the judgment debtor. The trial court therefore ordered that defendants Cornelia Franke and Lothair Franke execute an assignment of beneficial interest in the land trust to the sheriff of Cook County to be sold for satisfaction of the plaintiff's judgment against Cornelia Franke.

From this order defendants Cornelia and Lothair Franke appeal directly to this court, alleging that both a freehold and constitutional questions are involved. As we view the case, the question of our jurisdiction on direct appeal is not without difficulty. At the outset, we do not believe a freehold is directly involved in this proceeding. Regardless of any forced assignment of beneficial interest in the land trust, the title to the real estate remains in the trustee,

the Chicago Title and Trust Company, and the interests of defendants to be affected are personal property. (*Davis* v. *Oliver,* 371 Ill. 287; *Sweesy* v. *Hoy,* 324 Ill. 319.) Nor is a freehold involved for purposes of conferring jurisdiction on direct appeal, when, as in the case at bar, the proceeding is merely to subject property to sale for payment of a judgment. *Feltinton* v. *Rudnik,* 401 Ill. 362; *Wencpal* v. *Kizas,* 374 Ill. 333.

Defendants, however, contend that the due process clauses of both the State and Federal constitutions are also involved, thereby giving this court jurisdiction on that ground. The constitutional objections urged upon appeal are two-fold. Defendants, in their brief, attack section 73 of the Civil Practice Act for failure to provide for hearings, pleadings or notice to third persons. They further argue that if the section is valid, the defendant Lothair Franke was denied due process in this proceeding in that he had neither notice nor an opportunity to be heard.

Section 73 of the Civil Practice Act provides for supplementary proceedings to discover assets of a judgment debtor and to apply nonexempt assets toward the payment of the judgment debt. In so far as it is applicable here, the section authorizes the court to compel third parties cited to "deliver up any assets so discovered, * * * when those assets are held under such circumstances that in an action by the judgment debtor he could recover them in specie;" to enter any order against a person cited that could be entered in a garnishment proceeding; and to compel any person cited to execute an assignment in the same manner as a court of chancery could do in a proceeding to enforce payment of a judgment or in aid of execution. (Ill. Rev. Stat. 1959, chap. 110, par. 73(2c)(2d)(2e).) The section further provides for the protection of third parties as follows: "If it appears that any property, chose in action, credit or effect discovered, or any interest therein, is claimed

by any person other than the judgment debtor, the court shall, as in garnishment proceedings, permit or require the claimant to appear and maintain his right. The rights of the person cited (other than the judgment debtor) and the rights of any adverse claimant shall be asserted and determined pursuant to the law relating to garnishment proceedings." Ill. Rev. Stat. 1959, chap. 110, par. 73(5).

Supreme Court Rule 24, (Ill. Rev. Stat. 1959, chap. 110, par. 101.24(5),) provides for service of a citation upon third parties and further provides that any interested party "may subpoena witnesses and adduce evidence as upon the trial of any civil action."

From the record before us it appears that an amended citation was duly filed on June 5, 1959, against Cornelia Franke, the judgment debtor; the Chicago Title and Trust Company, the holder of the legal title to certain real estate; and Lothair Franke, the third-party defendant. The record does not indicate if Lothair Franke was served with the amended citation. Nevertheless, Lothair Franke appeared in court personally and by counsel on June 30, 1959, and testified in the cause. No objection was raised as to the jurisdiction of the court over the person of third-party defendant Lothair Franke, nor was the validity of the statute questioned in the trial court. At the conclusion of the hearing, counsel for Lothair Franke objected to the order in the following language: "There has been no due process of law in this case, in violation of the second paragraph of the Constitution of the State of Illinois, and the 5th Amendment to the Constitution of the United States. There are elements there that prevent a person from being divested of his property without due process. Those are in there to avoid appropriating a person's property without due process of law. So I say, in accordance with those rules of law, and the rules of court, there is no ground for this judgment to issue; taking the property of this

respondent, Lothair Franke, as this order seems to do." No other attempt was made to inject a constitutional issue in the trial court.

It is well settled that a fairly debatable constitutional question must appear of record to have been presented and passed upon in the trial court to justify a direct appeal. (*Orton Crane & Shovel Co.* v. *Federal Reserve Bank,* 409 Ill. 285; *City of Watseka* v. *Blatt,* 381 Ill. 276; *Hillmer* v. *Chicago Bank of Commerce,* 378 Ill. 449.) We have searched the record on this appeal and find no constitutional attack upon the statute presented to the trial court. We believe our language in *Orton Crane & Shovel Co.* v. *Federal Reserve Bank,* 409 Ill. 285, 289, is applicable here: "It was incumbent upon appellant to point out and preserve for review the particular respect in which the statute in question violated some constitutional limitation. The most that appellant has done in that respect is to assert that certain sections of our Federal and State constitutions prohibit the taking of property without due process of law. In what particular the statute in question violates these provisions of the respective constitutions is not specified either in the trial court or in appellant's brief on appeal. Due process of law has, so many times as to require no citation of cases, been held to be an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case. (*Valerius* v. *Perry,* 342 Ill. 147.) It is not contended that these conditions of due process have been violated in this case. We have already pointed out that a constitutional question is not involved on the bare assertion of counsel in his brief or assignments of error."

We, therefore, conclude that defendants' general assertion on this appeal that the statute is unconstitutional does not create jurisdiction on direct appeal.

Nor do we think defendants' charge of lack of due

process upon the hearing creates a fairly debatable constitution question. The gist of defendants' argument here is that Lothair Franke was not served with the citation, but appeared in response to a *subpoena duces tecum;* that there were no formal proceedings. While the record does not show a return of service upon Lothair Franke, he was made a party to the supplemental proceeding. The record further shows beyond doubt that Lothair Franke appeared at the hearings in person and by counsel and had actual knowledge of his status as a third-party defendant. At no time did he object to the jurisdiction of the court over his person or the subject matter. At no time did he assert any procedural right that was not granted to him. It is clear from the record that the fundamental requirements of notice and an opportunity to be heard in an orderly proceeding are present here, and no fairly debatable constitutional issue was presented to the trial court.

Having determined that this case does not involve a freehold, and that no fairly debatable constitutional question was presented to the trial court, we have no jurisdiction of this appeal. It is, therefore, our duty to transfer the cause to the Appellate Court for the First District.

*Cause transferred.*