NOVEMBER 13, 1961.

No. 80. LYNUM *v.* ILLINOIS. On petition for writ of certiorari to the Supreme Court of Illinois. Consideration of the petition for certiorari is deferred to accord counsel for petitioner opportunity to secure a certificate from the Supreme Court of Illinois as to whether the judgment herein was intended to rest on an adequate and independent state ground, or whether decision of the federal claim, identified in respondent's second response as having been asserted by the petitioner at pages 66–67 in her brief in the Supreme Court of Illinois, was necessary to the judgment rendered. Cf. *Loftus* v. *Illinois,* 334 U. S. 804; *Herb* v. *Pitcairn,* 324 U. S. 117.

MR. JUSTICE FRANKFURTER, dissenting.

Petitioner was tried and convicted for the unlawful sale, dispensing and possession of narcotics, and her conviction was affirmed, 21 Ill. 2d 63, 171 N. E. 2d 17. She seeks certiorari to review the judgment of the Illinois

Supreme Court, on the ground that incriminating statements drawn from her by threats and promises were used against her at trial in contravention of the Due Process Clause of the Fourteenth Amendment. 28 U. S . C. § 1257.

Rule 23 (1)(f) of this Court requires that a petitioner seeking review of a state court decision shall "specify the stage in the proceedings in the court of first instance and in the appellate court, at which, and the manner in which, the federal questions sought to be reviewed were raised . . . ." There is no such specification in the present petition; it is merely asserted that the Supreme Court of Illinois "overlooked the fact" that involuntary admissions are not competent evidence.

Respondent argues that certiorari should be denied for failure to comply with this Rule. Discovering that petitioner had invoked the Due Process Clause in her brief before the Illinois Supreme Court, this Court requested a response to this from Illinois. Respondent now urges that the Due Process Clause was not cited until appeal, that the Illinois Supreme Court does not determine constitutional questions unless they have been specifically raised at trial, and that the judgment was accordingly based on an adequate and independent ground of state law.

The opinion of the Illinois Court does not mention the claim of involuntary admissions. It expressly rejects a claim that petitioner was surprised by their introduction without proper statutory notice and concludes with an omnium-gatherum clause, "We have examined numerous other allegations of error and find that they are of insufficient merit to justify further discussion. Suffice it to say that, on the entire record, the defendant received a fair trial and was proved guilty beyond a reasonable doubt." A petition for rehearing, assigning the admission of the statements as error and citing *Brown* v. *Mississippi*, 297

U. S. 278, was denied without opinion. An abstract of the trial court record indicates that the admissions were objected to at trial but does not show whether the Due Process Clause was invoked. This Court today defers consideration of the petition pending clarification by the Illinois Court whether its disposition of the due process issue was based on its merits or on an independent state ground.

The constitutional basis for this Court's review of state court judgments derives from the Supremacy Clause of Article VI, statutorily enforced by the famous § 25 of the First Judiciary Act, 1 Stat. 73, 85 (1789), now 28 U. S. C. § 1257. Accordingly, if a state judgment rests on an adequate, independent ground of state law, this Court is without power to review the judgment, since its decision of the federal issue could not affect the result. *Murdock* v. *Memphis,* 20 Wall. 590, 632, 634–635; *Herb* v. *Pitcairn,* 324 U. S. 117, 125–126. Since judicial opinions are not mathematically formulated and the dubieties of language are what they are, a particular opinion of a state court sometimes raises a solid doubt whether a judgment does rest on an adequate, independent state ground and whether the disposition of a federal claim was not necessary to the challenged judgment. Lest a federal right properly reviewable here be lost through such ambiguity, this Court has utilized the procedure of holding a case here until opportunity has been afforded for an appropriate certificate by the state court for clarification of the ambiguity, *i. e.,* to make unambiguously clear that its judgment has not adjudicated a federal claim but rests on an independent state ground. See *Herb* v. *Pitcairn, supra,* 324 U. S., at 128; *Loftus* v. *Illinois,* 334 U. S. 804. Instead of awaiting this Court's initiation of such a procedure, in some jurisdictions counsel on their own initiative secure a certificate from their state tribunal, in order to leave no doubt before the case is brought here that it

does turn on a claim of a federal right. See *Herb* v. *Pitcairn, supra,* 324 U. S., at 127; *Honeyman* v. *Hanan,* 300 U. S. 14, 18; *Whitney* v. *California,* 274 U. S. 357, 360–361.

In either case, however, such a procedure for clarification does not come into play when the state court opinion in the case sought to be reviewed does not mention the federal ground, when counsel make no assertion that the judgment was based on a determination of the federal issue, and when state law affords an adequate ground for the disposition below. On full canvass of our jurisdiction in this class of cases, the Court not so long ago made this authoritative pronouncement:

> "Before we may undertake to review a decision of the court of a State it must appear affirmatively from the record, not only that the federal question was presented for decision to the highest court of the State having jurisdiction but that its decision of the federal question was necessary to the determination of the cause." *Honeyman* v. *Hanan,* 300 U. S. 14, 18 (1937).

Thus, when the state court writes no opinion and from the record it cannot be said that its judgment was not based on an adequate non-federal ground, this Court will not take jurisdiction. *Woods* v. *Nierstheimer,* 328 U. S. 211, 214–216; *White* v. *Ragen,* 324 U. S. 760, 765–767. In this case the Supreme Court of Illinois wrote an opinion, but it did not so much as advert to the issue raised by the petition. It cited only Illinois cases; nowhere in the opinion was there a reference to the Federal Constitution or to any decision of this Court. It is not evident from the papers filed here that the issue was raised in the trial court. There is not the faintest indication that the judgment was not based on the Illinois rule that in order that an issue be reviewable by the State Supreme Court, it must have been explicitly tendered at trial. *Orton Crane & Shovel Co.* v. *Federal Reserve*

*Bank,* 409 Ill. 285, 288–289, 99 N. E. 2d 14, 15–16; *People*
v. *Cosper,* 405 Ill. 543, 92 N. E. 2d 173.

It is not our business—indeed it interferes with the
effective use of our time for the conduct of our business—
to be excavating records in order to find out whether a
federal question somehow or other lurks in a record
although counsel, as required by our own Rule, has not
called our attention to the place in the record where it is
unequivocally set forth. In these circumstances, I see
no reason for asking the Supreme Court of Illinois to
clarify something that does not call for clarification.
This constrains me not to join in the Court's order.

*Jewel Stradford Rogers* for petitioner. *William G.
Clark,* Attorney General of Illinois, for respondent.