PHILADELPHIA NEWSPAPERS, INC., ET AL. *v.*
JEROME, JUDGE

No. 77–308.   Decided January 9, 1978*

PER CURIAM.

The proceedings below were brought to gain access by the press and public to pretrial suppression hearings in three separate state criminal proceedings. Access was denied and the trial judges closed all pretrial hearings and sealed and impounded all papers, documents, and records filed in the cases. The judges also prohibited the parties, their attorneys, public officials, and certain others, from disseminating information concerning the hearings. Appellants then filed petitions for writs of mandamus with the Supreme Court of Pennsylvania. However, these were denied without opinion. Appellants, arguing that they have been denied their federal constitutional rights, now urge us to take appellate jurisdiction of these matters under 28 U. S. C. § 1257 (2).

As matters now stand, the record does not disclose whether the Supreme Court of Pennsylvania passed on appellants' federal claims or whether it denied mandamus on an adequate

---

*Together with *Equitable Publishing Co., Inc., et al.* v. *Honeyman, Judge; Montgomery Publishing Co.* v. *Honeyman, Judge; Equitable Publishing Co., Inc., et al.* v. *Brown, Judge;* and *Montgomery Publishing Co.* v. *Brown, Judge,* also on appeal from the same court (see this Court's Rule 15 (3)).

and independent state ground. For this reason, we vacate the judgments of the Supreme Court, and remand the cause to that court for such further proceedings as it may deem appropriate to clarify the record. See *California* v. *Krivda,* 409 U. S. 33 (1972).

*So ordered.*

MR. JUSTICE REHNQUIST, with whom MR. JUSTICE STEVENS joins, dissenting.

The Court today summarily vacates the judgments of the State Supreme Court and remands for further proceedings. Neither past decisions of this Court nor policy considerations support this unwarranted assumption of jurisdiction and imposition on the state courts.

The Pennsylvania Rules of Criminal Procedure permit a trial judge to close pretrial suppression hearings from the press and public at the request of the criminal defendant, mandate that all records of such hearings be sealed, and allow the judge in a "widely-publicized or sensational case" to prohibit parties and witnesses from making extrajudicial statements. This appeal stems from the entry of such orders in three Pennsylvania murder trials. In the first trial, appellants filed a petition to vacate the orders with the trial judge; on the same day, appellants also filed petitions for writ of mandamus and prohibition and for plenary jurisdiction with the Pennsylvania Supreme Court. The petition to vacate was denied by the trial judge after the suppression hearing on the ground, according to appellants, that "he was obligated to accord *prima facie* validity to the Pennsylvania Supreme Court's Rules." The Pennsylvania Supreme Court two weeks later denied the petitions for mandamus and for plenary jurisdiction without opinion. Appellants filed similar petitions to vacate with the Common Pleas judges presiding over the other two trials; these petitions were denied on the ground that appellants lacked standing to challenge the orders. Appellants thereafter again

filed petitions for mandamus and prohibition and for plenary jurisdiction with the Pennsylvania Supreme Court which were denied without opinion.

We do not know why the Pennsylvania Supreme Court denied appellants' petitions for writ of mandamus and prohibition and for plenary jurisdiction.[1] There is no reason to presume that the petitions were rejected because the Pennsylvania Supreme Court disagreed with appellants' constitutional claims. The petitions were for extraordinary relief. The Pennsylvania Supreme Court has consistently emphasized that such petitions are "to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief." Such relief "is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction, or otherwise." *Carpentertown Coal & Coke Co.* v. *Laird,* 360 Pa. 94, 102, 61 A. 2d 426, 430 (1948). See also *Commonwealth ex rel. Specter* v. *Shiomos,* 457 Pa. 104, 320 A. 2d 134 (1974); *In re Specter,* 455 Pa. 518, 317 A. 2d 286 (1974); *Francis* v. *Corleto,* 418 Pa. 417, 211 A. 2d 503 (1965).

While appellants claim that their petitions to the Pennsylvania Supreme Court drew into question the constitutional validity of the sections of the Pennsylvania Rules of Criminal Procedure described above, the Pennsylvania Supreme Court's

---

[1] Title 17 Pa. Cons. Stat. § 211.201 (Purdon Supp. 1977) gives the Supreme Court of Pennsylvania "original but not exclusive jurisdiction" to issue writs of mandamus or prohibition to courts of inferior jurisdiction. Title 17 Pa. Cons. Stat. § 211.205 (Purdon Supp. 1977), entitled "Extraordinary Jurisdiction," permits the Supreme Court of Pennsylvania to assume plenary jurisdiction "on its own motion or upon petition of any party, in any matter pending before any court or justice of the peace of this Commonwealth involving an issue of immediate public importance."

denials of their petitions did not on its face decide in favor of the Rules' validity. Thus, it would not appear that we have jurisdiction to note the appeal under 28 U. S. C. § 1257 (2).[2]

Of course, the denials may have been grounded on a decision by the Pennsylvania Supreme Court that the Rules do not violate the Federal Constitution. But this does not require that we vacate a presumably valid judgment of a state supreme court and remand for further proceedings. A less intrusive alternative, and one supported by past precedents of this Court, is to postpone consideration of jurisdiction until appellants have had an opportunity to demonstrate that the judgment appealed from does not rest on an independent and adequate state ground. See, e. g., *Lynum* v. *Illinois*, 368 U. S. 908 (1961) (consideration of certiorari deferred "to accord counsel for petitioner opportunity to secure a certificate from the Supreme Court of Illinois as to whether the judgment herein was intended to rest on an adequate and independent state ground"); *Herb* v. *Pitcairn*, 324 U. S. 117 (1945). By vacating the judgment below, this Court is taking from appellants the normal burden of demonstrating that we have jurisdiction and placing it on the Supreme Court of Pennsylvania. We deny extraordinary relief regularly without typically expressing our reasons for so doing. We should not place a higher requirement on state supreme courts under penalty of this Court's vacating their judgment.

The Supreme Court of Pennsylvania did not affirm the orders of the trial judges. If it had and if there were reasonable doubt as to whether the affirmance were on state or federal grounds, the precedential and res judicata effects of the affirmance might call for vacating the judgment below. Cf.

---

[2] Section 1257 (2) provides for Supreme Court review of final judgments rendered by the highest court of a State "[b]y appeal, where is drawn in question the validity of a statute of any state on the ground of its being repugnant to the Constitution, treaties or laws of the United States, and the decision is in favor of its validity."

*California* v. *Krivda,* 409 U. S. 33 (1972) (judgment affirming a suppression order vacated when it was unclear whether judgment rested on state or federal constitutional grounds). However, the Supreme Court of Pennsylvania has merely denied extraordinary and discretionary relief without indicating any opinion on appellants' constitutional challenge. Appellants are thus presumably free to pursue their challenge through state and federal actions still open to them. Under similar circumstances, where it was unclear whether the lower court denied relief on the merits or because the wrong remedy had been chosen, this Court has dismissed the appeal or petition for certiorari. See, *e. g., Phyle* v. *Duffy,* 334 U. S. 431 (1948); *Woods* v. *Nierstheimer,* 328 U. S. 211 (1946); *White* v. *Ragen,* 324 U. S. 760 (1945). I would do that here unless appellants carry their burden of establishing that the decisions of the Supreme Court of Pennsylvania did *not* rest on an adequate state ground.