CORPUS CHRISTI BANK AND TRUST COMPANY, Plaintiff-Appellee, *v.* EUGENE C. PULLANO, Defendant-Appellant.—(P. I. CORPORATION *et al.*, Defendants).—(EUGENE C. PULLANO *et al.*, Third-Party Plaintiffs, *v.* OMNI DEVELOPMENT CORPORATION, Third-Party Defendant.)

First District (5th Division)    No. 77-987

Opinion filed March 16, 1979.

Palmer, Blackman & Mancini, of Park Ridge, for appellant.

Speranza and Veverka, of Chicago (Richard S. Rosen, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from two orders: the first, entered March 1, 1977, denying defendant Eugene C. Pullano's motion to vacate a February 8, 1977, order registering a foreign judgment against him; the second, entered April 4, 1977, denying Pullano's motion for reconsideration of the February 8 and March 1, 1977, orders. On appeal, Pullano raises only two issues; (1) whether he was denied due process of law in the foreign proceeding which culminated in a judgment against him; and (2) whether an Illinois court can refuse to give full faith and credit to a foreign judgment. We affirm the trial court.

The record shows that in 1975 Corpus Christi Bank and Trust Company (hereinafter "plaintiff") filed suit in Texas against Pullano, Richard C. Haas, Richard Harczak, Glenn A. Beckert and the P. I. Corporation to recover principal and interest due on a note executed by P. I. Corporation and guaranteed by Pullano, Beckert, Harczak and Haas. Pullano and the P. I. Corporation retained a Texas attorney, F. Edward Barker, to represent them in this matter. On their behalf, Barker filed an

appearance, an answer and a counterclaim against Omni Development Corporation. He also attended various hearings and took several depositions. Thereafter, on July 2, 1976, Barker withdrew with leave of court. The case proceeded to trial on July 6, 1976, with all defendants appearing except Pullano and P. I. Corporation. The court recessed on July 6 shortly after trial commenced and trial was continued the next day. Following trial, the court entered a final judgment against all defendants. On the same day, July 16, 1976, the court found for Omni Development Corporation on the counterclaim. Because of clerical errors in this judgment, the court entered another final judgment on July 26, 1976, in lieu of the first one. No appeal was taken from either judgment.

On September 23, 1976, plaintiff filed a petition for registration of the Texas judgment in the Circuit Court of Cook County. Pullano filed a motion and supporting affidavit in opposition to plaintiff's petition on November 5, 1976. In this petition Pullano alleged that he was denied due process of law in the Texas proceeding in that he had no opportunity to defend himself because he received notice of his counsel's withdrawal on the day trial began, July 6, 1976, and he had no opportunity to retain new counsel or present his own defense.

Plaintiff filed a response to Pullano's motion which was accompanied by two affidavits: the first, that of F. Edward Barker; the second, that of Robert W. Dupuy. In his affidavit, Barker stated that he had been retained to represent Pullano in the Texas proceeding and that on either June 28 or 29, 1976, he and another member of his law firm met with Pullano in Texas and discussed delinquent fees and Barker's continued representation of Pullano in the lawsuit. At this meeting Barker informed Pullano that he intended to withdraw from the case on July 2, 1976, if the money Pullano owed him for past representation was not paid by then. Pullano's reaction was a promise to contact Barker before July 2. When he did not hear from Pullano by July 2, Barker sought and obtained leave of court to withdraw.

In the second affidavit, Robert W. Dupuy identified himself as counsel for the plaintiff in the Texas action and stated that on July 1, 1976, Pullano's Chicago attorney telephoned, informed Dupuy that Pullano's Texas counsel had withdrawn and advised Dupuy that he was calling in an attempt to settle the lawsuit because Pullano did not want to retain new counsel in Texas. On plaintiff's behalf, Dupuy rejected a settlement offer made by Pullano's Chicago counsel.

Pullano responded to plaintiff's response and affidavits in a reply filed January 5, 1977. As a follow-up to the meeting in late June of 1976, Barker had sent Pullano a letter dated June 30, 1976, in which he gave Pullano written notice of his intent to withdraw on July 2, 1976, and further

notified Pullano of the July 6, 1976, trial date. In this reply, Pullano stated that he received notice of Barker's motion to withdraw four days after the date trial was to commence. Subsequently Pullano filed a supplemental reply in which he stated that he received Barker's letter on July 6, 1976, that his Chicago attorney wrote Barker on July 19, 1976, inquiring into events on July 2 and 6, 1976, and that Barker replied in a letter dated July 26, 1976, in which he confirmed his withdrawal on July 2, 1976, and expressed a belief that a judgment had been entered against Pullano in the Texas proceeding.

On January 7, 1977, Pullano filed an affidavit in which he stated that no mention was made of a hearing date or of the trial date at the meeting with Barker in late June of 1976 and that he received no formal notice whatsoever of the July 6, 1976, trial date until July 6, 1976. Pullano's Chicago counsel also filed an affidavit on January 7, 1977, in which he admitted calling Robert W. Dupuy on July 1, 1976, but denied telling Dupuy that Barker had already withdrawn and said that he had only mentioned to Dupuy a statement made by Pullano that Barker was threatening to withdraw.

A hearing on the motions and pleadings was scheduled on February 8, 1977. When counsel for Pullano failed to appear, the court registered the Texas judgment against Pullano. Subsequently Pullano filed a motion to vacate this February 8 order. On March 1, 1977, a hearing was held on this motion and plaintiff filed a reply to Pullano's reply and supplemental reply. Attached to this reply were additional affidavits of Barker and Dupuy. In his second affidavit, Barker stated that he informed Pullano of the July 6 trial date long before the meeting of June 28 or 29, 1976. He further stated that he thought he had made it clear to Pullano during this late June meeting that if his fees were not paid prior to July 2, 1976, he would withdraw. He added that after the meeting he had again told Pullano that if his fees were not paid before July 2, he would withdraw on that date and Pullano would have to obtain new counsel to represent him at trial on July 6, 1976. In his second affidavit, Dupuy stated in pertinent part:

"[M]y recollection of that telephone conversation [with Pullano's Chicago counsel] was that [he] either made it clear to me that Mr. F. Edward Barker had withdrawn as counsel for Mr. Eugene C. Pullano in the * * * Texas * * * proceeding or that Mr. Barker would withdraw on July 2, 1976, if Mr. Barker's fees were not paid or adequate security given for their payment. [The attorney] indicated to me that Mr. Pullano was not able to meet Mr. Barker's demand, that Mr. Pullano was unable to employ other counsel, and that he wanted to settle the case with the Bank."

Following oral argument on March 1, the court denied Pullano's motion to vacate the order of February 8, 1977. Thereafter Pullano filed a motion for reconsideration of the February 8 and March 1, 1977, orders. After hearing oral argument, this motion was denied on April 4, 1977. This appeal followed.

OPINION

On appeal Pullano again argues that he was denied due process of law in the Texas proceeding in that he had no opportunity to defend himself because he did not receive adequate notice of his Texas attorney's withdrawal and he had no opportunity to retain new counsel or present his own defense. We disagree.

■■■ We point out first that while Pullano states in his affidavit that the trial date was not mentioned at the late June 1976 meeting and that he received no *formal* notice of the trial date prior to trial, nowhere does Pullano deny that he received the informal, verbal notice of the trial date which Barker claims to have given both long before and after the late June meeting in his second affidavit. Where well-alleged facts within an affidavit are not contradicted by counteraffidavit, they must be taken as true notwithstanding the existence of contrary averments in the adverse party's pleadings. (*Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 356 N.E.2d 852.) We, therefore, are required to accept Barker's aforementioned statements as true and conclude that the notice received by Pullano, even though it was verbal and not formal, was adequate notice of his trial date. As plaintiff points out, "due process of law" has been defined as "an orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case." (*Seno v. Franke* (1960), 20 Ill. 2d 70, 74, 169 N.E.2d 335.) Also, Pullano does not challenge either the subject matter or the personal jurisdiction of the Texas court. However, even though he states in his affidavit that he had no *formal* notice of trial, Pullano's complaint is that he did not have adequate notice of his attorney's withdrawal and not that he did not have *adequate* notice of trial. Thus a conclusion by us that he had adequate notice of trial would not, without more, answer his position.

Pullano speculates on appeal that the Texas court was not aware of Barker's motion to withdraw. We observe, however, that Pullano makes no showing that the Texas court erred or abused its discretion in allowing Barker to withdraw. We agree with plaintiff that the record before us is devoid of any indication of error or abuse by the Texas court. We infer from the record that the Texas court was very much aware of Barker's

motion to withdraw. Pullano's affidavit does not deny Barker's claim in his second affidavit that he told Pullano after the meeting that he would withdraw on July 2 if Pullano did not pay the delinquent fees by that time. Consequently we are not inclined to accept Pullano's position that he did not receive adequate notice of Barker's withdrawal.

■■ We mention, thirdly, that Pullano could have called the clerk of the court in Texas upon receipt of Barker's letter on July 6; he could have flown to Texas that day, or even a few days later, and made an attempt to participate in the still ongoing trial; or he could have asked his Chicago attorney to immediately retain new Texas counsel for him or he could have called another Texas practitioner himself. Pullano did none of these things. While we do not mean to suggest that he was required to do so, we note that this lack of action is consistent with the conclusion that Pullano did not intend to defend himself in the Texas proceeding. In fact, a comparison of Dupuy's affidavits and that of Pullano's Chicago counsel shows that the statements that (1) Pullano did not want to retain new Texas counsel, and (2) Pullano was unable to do so, are not denied. Moreover, the affidavit of Pullano's Chicago attorney does not fully meet the claim in Dupuy's second affidavit that he was either told on July 1, 1976, that Barker had withdrawn, or that Barker would withdraw on July 2, 1976. From these facts we conclude that Pullano, perhaps for financial reasons, but in any case for reasons of his own, had no intention of defending himself in the Texas proceeding. Therefore, we think that Pullano was granted due process of law in the Texas proceeding.

Having so held, we need not decide the issue of whether Illinois courts have the power to refuse to grant full faith and credit to a foreign judgment.

Affirmed.

LORENZ and MEJDA, JJ., concur.