[Cr. No. 251]

CHARLEY SIMPSON, Petitioner, v. O. J. NYGAARD, Warden
of the North Dakota Penitentiary, Respondent

(56 NW2d 685)

Opinion filed Jan. 23, 1953

*Charley Simpson,* per se.
*Elmo T. Christianson,* Attorney General, for respondent.

MORRIS, Ch. J.  Charley Simpson petitions this court for a writ
of habeas corpus and alleges that he is unlawfully imprisoned
and detained in the state penitentiary under the authority of a
judgment of the District Court of Ramsey County entered on
November 19, 1951, sentencing the petitioner to be confined in the
state penitentiary for not less than one year nor more than
three years.

The substance of petitioner's complaint is that he was con-
victed of assignation in the second degree, which is punishable
by a maximum sentence of one year in the penitentiary under the
provisions of Chapter 115 SLND 1951, and that having served
the maximum punishment provided for the crime for which he

was convicted, he is at the present time being illegally confined in the penitentiary.

Where relief is sought from a criminal judgment through habeas corpus, the scope of inquiry is limited to questions of jurisdiction and we inquire into the correctness of the acts of the trial court only to the extent of determining whether it acted within its jurisdiction. Mazakahomni v. State, 75 ND 73, 25 NW2d 772; State ex rel. Johnson v. Broderick, 75 ND 340, 27 NW2d 849; Davidson v. Nygaard, 78 ND 141, 48 NW2d 578.

The records of the district court in which the petitioner was sentenced disclose these facts: On November 16, 1951, the State's Attorney of Ramsey County filed an information in the district court charging the petitioner with committing the crime of assignation in the second degree as defined by Section 12-2214 NDRC 1943. The petitioner was forthwith tried by a jury which brought in the following verdict:

"We, the jury in the above entitled action, find the defendant Charley Simpson, guilty of the crime of Assignation as defined by Section 12-2214 of the North Dakota Revised Code of 1943." The court then proceeded with the pronouncement of the judgment and sentence now under attack. The written sentence signed by the judge and entered in the office of the clerk of the district court contains the following:

"(Sentence imposed after Defendant had pleaded guilty to additional Information showing previous conviction of a felony, to-wit murder)."

Chapter 115 SLND 1951 provides that:

"Any person who shall be convicted of any of the offenses set forth in section 12-2214 shall be subject to imprisonment for not more than one year. Any person who shall be convicted twice in any one year period of a violation of any of the provisions of section 12-2214 shall be subject upon the second conviction to imprisonment for not less than one year nor more than three years."

The petitioner is correct in his contention that assignation in the second degree carries a maximum penalty of imprisonment for not more than one year. The petitioner seems to be under the impression that because he received a sentence of from one

to three years the sentence is for assignation in the first degree, which is not the crime for which he was convicted. In this he is completely in error. He was convicted and sentenced for committing the crime of assignation in the second degree, but because that conviction was the second conviction which the petitioner had sustained for committing a felony the penalty was increased in accordance with the provisions of Section 12–0618 NDRC 1943, as a transcript of the proceedings of the court clearly shows.

On November 19, 1951, and before sentence was passed, the state's attorney filed an information setting forth the conviction of the petitioner of a second felony for which additional punishment is provided by Section 12–0618 NDRC 1943 and further charging that the petitioner had previously been convicted of murder in the first degree.

Section 12–0618, supra, provides in part that every person who has been convicted of a felony in this state and thereafter commits another crime, "If the subsequent offense is such that upon a first conviction the offender would be punishable by imprisonment in the penitentiary for five years or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the penitentiary for not more than ten years; . . . ."

"A felony is a crime which is or may be punishable with death or imprisonment in the penitentiary." Section 12–0107 NDRC 1943; State ex rel. Olson v. Langer, 65 ND 68, 256 NW 377.

Assignation in the second degree is a crime which may be punishable with imprisonment in the penitentiary for one year and is therefore a felony under this definition. If it is the second felony of which the petitioner is convicted, it is, under the provisions of Section 12–0618, supra, punishable by imprisonment in the penitentiary for not more than ten years.

The record made in the district court and now before us shows that before the petitioner was sentenced an information was filed charging him with the commission of a second felony. This was the proper procedure under the provisions of Section 12–0623 NDRC 1943. That information was filed by leave of court, whereupon these proceedings were had:

"The court: Mr. Simpson, you are present in Court with your counsel and in accordance with the provisions of statute the State's Attorney at this time, which was set as the time for your sentence on the conviction had in this Court on November 16, the State files this information stating that you had previously been convicted of a felony. The information may be filed and you may as well proceed with an arraignment on it.

"State's attorney: State moves arraignment of the defendant.

"The court: You may proceed.

"State's attorney: Let the record show that State at this time hands copy of information to defendant and another copy to defendant's attorney and the information is read to him at this time.

"The court: Mr. Simpson, you may take your seat again. Mr. Christianson, if you will refer to Section 12-0623 you will find a reference to the procedure under which we are proceeding. For the information of yourself and your counsel, Mr. Simpson, you are advised that the purpose of filing this additional information is not to bring up again a crime for which you were sentenced but merely to call to the attention of the Court the fact that you had been convicted for such a crime and the only effect it has is upon the range and amount of sentence that the Court can impose. The Court wishes to advise you that under the terms of the statute you have a right, that is, you have a right and you can demand a trial upon this information. That is, if you deny there was such a conviction you have the right to be tried on that issue. Now perhaps you will want to consult with your attorney, or are you ready to enter a plea on this question now?

"Defendant: Sure.

"State's attorney: I think he should consult with his attorney.

"The court: Yes, you can explain to him his rights, Mr. Christianson.

"(A short conference had between defendant and his counsel off record.)

"The court: Are you ready to proceed?

"Mr. Christianson: Yes.

"The court: Are you ready at this time to enter a plea upon this second information, Mr. Simpson?

"Defendant: Yes, sir.

"The court: What is your plea?

"Defendant: Guilty.

"The court: Let the Clerk show by her record that a plea of guilty was entered by the defendant to this charge in this second information."

This transcript clearly shows that the court and the attorneys involved treated the petitioner with fairness and consideration. The proceedings were conducted in accordance with the applicable statutory provisions pertaining to increased penalties where a former conviction is shown. The court had jurisdiction of both the person of the petitioner and the subject matter. The sentence and judgment pronounced by the court is valid. The petitioner is lawfully imprisoned and is not entitled to a writ of habeas corpus. Petition denied.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.