## People of State of Illinois, Defendant in Error, v. Robert O'Connor, Plaintiff in Error.

### Gen. No. 46,069.

Opinion filed May 1, 1953. Rehearing denied May 26, 1953. Released for publication May 26, 1953.

THADDEUS C. TOUDOR, LOU NATHANSON, and ZOE KUTA, all of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General of State of Illinois, of Springfield, for defendant in error; JOHN S.

Boyle, State's Attorney of Cook county, John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and William J. McGah, Jr., Assistant State's Attorneys, all of Chicago, of counsel.

Mr. Presiding Justice Robson delivered the opinion of the court.

Robert O'Connor, the plaintiff in error, was convicted by the municipal court of Chicago of a violation of the Uniform Narcotics Drug Act, Ill. Rev. Stat. 1951, chap. 38, par. 192.2 [Jones Ill. Stats. Ann. 88.23(2)], as amended, for unlawfully having in his possession heroin, a certain habit-forming drug. This was his first offense. He was sentenced to serve a term of two years in the county jail.

He appealed by writ of error to the Supreme Court. It was transferred to this court because there was nothing in the common-law record being reviewed to show that the constitutional questions raised on appeal affecting the validity of the Act were urged in the trial court and passed upon there. The Supreme Court held it was without jurisdiction to review the misdemeanors of which the defendant was convicted because it was a question of construction and not the validity of the Act which was in issue. *People v. O'Connor*, 414 Ill. 51.

We must determine whether the municipal court of Chicago had jurisdiction to hear the charges against the defendant based on an information filed by the state's attorney. The penalty section of the Uniform Narcotics Drug Act, Ill. Rev. Stat. 1951, chap. 38, par. 192.23, sec. 23 [Jones Ill. Stats. Ann. 88.23(23)], reads as follows:

"Penalties for violations—Subsequent offenses.] § 23. Whoever violates this Act by selling, prescribing, administering or dispensing any narcotic drug, shall be imprisoned in the penitentiary for a term of

not less than 1 year nor more than 5 years for the first offense. Whoever violates this Act by possessing, having under his control, manufacturing or compounding any narcotic drug shall be fined for the first offense not more than $5,000.00, or be imprisoned for a period of not less than 1 year nor more than 5 years, or both. For any subsequent offense the violator shall be imprisoned in the penitentiary for any term from 2 years to life.

"Whoever violates this Act by selling, prescribing, administering, or dispensing any narcotic drug to any person under 21 years of age, shall be imprisoned in the penitentiary for any term from 2 years to life.

"Whoever is authorized in this Act to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, who violates this Act by failing to comply with any provision prescribed in this Act for the exercise of such authority, for a first offense, shall be fined not more than $1000 or be imprisoned in the county jail for a term of not more than 1 year, or both; and for any subsequent offense, shall be fined not more than $3000 or be imprisoned in the penitentiary for a term of not more than 5 years, or both."

■ The Supreme Court in the case of *The People of the State of Illinois, Defendant in Error v. Mose Hightower, Plaintiff in Error,* Docket No. 32445 [414 Ill. 357] at the January term, 1953, in an opinion sustaining the constitutionality of the section in question, said:

"It is evident from a reading of this section that the crime of possession, etc., of any narcotic drug is a misdemeanor, because it allows a fine. (*People v. Bain,* 359 Ill. 455.) Although no place of confinement is mentioned in the statute, it is an accepted rule of statutory construction that the omission of place of confinement in a penal statute raises a conclusive pre-

214

sumption that the confinement should be in the county jail. (24 Corpus Juris Secundum 1274, par. 2000.)"

This decision determines that the offense charged is a misdemeanor and upon conviction subjects the defendant to fine or imprisonment in the county jail, or both.

The legislature in establishing the jurisdiction of the municipal court provided that it should have jurisdiction in all criminal cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary. Ill. Rev. Stat. 1951, chap. 37, par. 357, sec. 2 [Jones Ill. Stats. Ann. 108.028]. It further provided that all criminal cases in the municipal court in which the punishment is by fine or imprisonment otherwise than in the penitentiary, may be prosecuted by information of the attorney general or state's attorney, or some other person. Municipal Court Act, Ill. Rev. Stat. 1951, chap. 37, par. 382, sec. 27 [Jones Ill. Stats. Ann. 108.050]. This was construed and approved by the Supreme Court in *People v. Glowacki,* 236 Ill. 612, and *People v. Sullivan,* 363 Ill. 34.

The Supreme Court having held under section 23 of the Uniform Narcotics Drug Act, Ill. Rev. Stat. 1951, chap. 38, par. 192.23, where a first offense is charged, that it is a misdemeanor punishable by fine or imprisonment in the county jail, we conclude the municipal court of Chicago had jurisdiction to hear a complaint upon an information filed by the state's attorney. The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

SCHWARTZ and TUOHY, JJ., concur.