(No. 33159.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error *vs.* ROBERT O'CONNOR, Plaintiff in Error.

*Opinion filed October 25, 1954—Rehearing denied Dec. 20, 1955.*

THADDEUS C. TOUDOR, and ZOE KUTA, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, ARTHUR F. MANNING, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

Robert O'Connor, the plaintiff in error, was convicted by the municipal court of Chicago on his plea of not guilty to an information charging him with violation of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1951, chap. 38, par. 192.23, as amended,) for unlawfully having in his possession heroin, a certain habit-forming drug. This was his first offense and he was sentenced to serve a term of two years in the county jail of Cook County.

O'Connor appealed by writ of error to the Supreme Court which transferred the cause to the Appellate Court for the First District on the ground that the construction of the act in question rather than its constitutionality was involved, and that the case involved a misdemeanor only and thus this court was without jurisdiction to review a conviction for a misdemeanor. *People* v. *O'Connor,* 414 Ill. 51.

In the Appellate Court the trial court judgment was affirmed on the basis of the decision of this court in *People* v. *Hightower,* 414 Ill. 537, which opinion was announced subsequent to this court's decision in *People* v. *O'Connor,*

414 Ill. 51. The *Hightower case* held that the first offense of possession of a narcotic drug is a misdemeanor punishable by fine or imprisonment in the county jail and not by imprisonment in the penitentiary.

For the Appellate Court opinion see *People* v. *O'Connor,* 350 Ill. App. 212.

A writ of error has been brought in this court to review the foregoing Appellate Court judgment, assigning as error that the municipal court of Chicago had no jurisdiction of the subject matter or of the defendant and that the defendant was convicted without due process of law in violation of the rights granted him under section 8 of article II of the State constitution and the fifth amendment of the Federal constitution.

The statutory provision in question, so far as pertinent to this case, provides as follows: "Whoever violates this Act by selling, prescribing, administering or dispensing any narcotic drug, shall be imprisoned in the penitentiary for a term of not less than 1 year nor more than 5 years for the first offense. Whoever violates this Act by possessing, having under his control, manufacturing or compounding any narcotic drug shall be fined for the first offense not more than $5,000.00, or be imprisoned for a period of not less than 1 year nor more than 5 years, or both. For any subsequent offense the violator shall be imprisoned in the penitentiary for any term from 2 years to life." Ill. Rev. Stat. 1951, chap. 38, par. 192.23.

The fifth amendment to the United States constitution, insofar as here applicable, provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, * * *."

Inasmuch as the limitations therein contained are restrictions on the power of the United States and are not limitations on the powers of the States, the argument of the plaintiff in error and cases cited in respect thereto are

neither applicable nor controlling. *Spies* v. *Illinois,* 123 U.S. 131; *Keith* v. *Henkleman,* 173 Ill. 137.

Section 8 of article II of the Illinois constitution, insofar as applicable to this case, provides as follows: "No person shall be held to answer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, * * *."

Plaintiff in error's argument is based upon the contention that inasmuch as the first sentence of the statutory paragraph in question provides for imprisonment in the penitentiary for selling, prescribing or dispensing narcotic drugs, and the last sentence of the statutory paragraph in question provides for imprisonment in the penitentiary for a subsequent offense of possessing a narcotic drug, that therefore the second sentence of the statutory paragraph prescribing a fine of not more than $5000 or imprisonment for not less than one year nor more than five years for the first offense of possessing a narcotic drug, without prescribing the place of imprisonment, must be interpreted and construed as requiring imprisonment in the penitentiary. Thus under such interpretation plaintiff in error contends that the municipal court of Chicago lacked jurisdiction to try the defendant for the alleged violation by means of an information and that he can be prosecuted only by indictment of a grand jury therefor.

Section 2 of the Municipal Court Act (Ill. Rev. Stat. 1951, chap. 37, par. 357,) gives the municipal court of Chicago jurisdiction of all offenses in which punishment is by fine or imprisonment otherwise than in the penitentiary.

In *People* v. *Hightower,* 414 Ill. 537, decided by this court subsequent to the original opinion of this court transferring the instant case for want of jurisdiction to the Appellate Court, in passing upon the contention that the statutory section was unconstitutional for the reason that it is vague, indefinite and susceptible to diverse interpreta-

407

tions, we said, page 542: "It is evident from a reading of this section that the crime of possession, *etc.*, of any narcotic drug is a misdemeanor, because it allows a fine. (*People* v. *Bain,* 359 Ill. 455.) Although no place of confinement is mentioned in the statute, it is an accepted rule of statutory construction that the omission of place of confinement in a penal statute raises a conclusive presumption that the confinement should be in the county jail. 24 C.J.S., Criminal Law, sec. 2000, page 1246."

We adhere to our decision in the *Hightower case* and hold that under the present statutory provisions in issue the punishment for the first offense of possession of a habit-forming drug under the Uniform Narcotic Drug Act is by fine or imprisonment in the county jail, that is, otherwise than in the penitentiary.

Therefore defendant has not been convicted without due process of law in violation of the rights granted him by section 8 of article II of the Illinois constitution, and the municipal court of Chicago had jurisdiction to prosecute the defendant for such offense by information.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*