STATE of North Dakota, Plaintiff/Appellee,

v.

Dennis Charles FARRELL, Defendant/Appellant.

Hugo LOEB, Petitioner,

v.

Robert LANDON, Warden of the State Penitentiary; and the State of North Dakota, Respondents.

Joseph John MAHRER, Petitioner,

v.

Robert LANDON, Warden of the State Penitentiary; and the State of North Dakota, Respondents.

Cr. Nos. 457, 462, 463.

Supreme Court of North Dakota.

Dec. 4, 1973.

Rehearings Denied Feb. 1, 1974.

C. J. Schauss, Mandan, for defendant/appellant, Farrell.

Lester J. Schirado, State's Atty., Mandan, for plaintiff/appellee, State.

John E. Adams, Asst. Atty. Gen., Bismarck, and Lester J. Schirado, State's Atty., and Richard L. Schnell, Asst. State's Atty., Mandan, for respondents, Landon and State.

Bair & Brown, Mandan, and Lundberg & Nodland, Bismarck, for petitioners, Loeb and Mahrer.

TEIGEN, Judge.

In these three cases penitentiary sentences were imposed upon the defendant, Farrell, and upon the petitioners, Loeb and Mahrer, for delivery and delivery and sale of a controlled substance in violation of Chapter 19–03.1, N.D.C.C., known as the Uniform Controlled Substances Act.

The defendant Farrell has appealed from the judgment and sentence, raising as the only issue the legality of the sentence.

The petitioners Loeb and Mahrer, who were defendants in the criminal actions referred to above, raise the same issue by habeas corpus proceedings, which proceedings were consolidated for the purpose of hearing. By agreement, the trial court has certified the following four questions to this court, pursuant to Chapter 32–24, N.D.C.C.:

"1. Does subdivision a of subsection 1 of Section 19–03.1–23 of the North Dakota Century Code give a North Dakota State District Court jurisdiction to sentence a person convicted thereunder to a term in the North Dakota State Penitentiary at Bismarck, North Dakota?

"2. Does subdivision b of subsection 1 of Section 19–03.1–23 of the North Dakota Century Code give a North Dakota State District Court jurisdiction to sentence a person convicted thereunder to a term in the North Dakota State Penitentiary at Bismarck, North Dakota?

"3. Does subsection 3 of Section 19–03.-1–23 of the North Dakota Century Code give a North Dakota State District Court jurisdiction to sentence a person convicted thereunder of an offense other than possession of marijuana to a term in the North Dakota State Penitentiary at Bismarck, North Dakota?

"4. Are violations of subsections 1 and 3 of Section 19–03.1–23 of the North Dakota Century Code, as written, misdemeanors punishable by not more than one year imprisonment in the county jails?"

The trial court answered the first three questions in the negative, and its answer to question 4 is that the violation constitutes a misdemeanor, punishable by imprisonment in the county jail for such term as the court may determine, up to the maximum provided by statute. It determined that the construction of the law is in doubt and vital, and of great moment to these cases. All proceedings were thereupon halted until the questions certified to this court could be determined. The answers to the issues raised by the certified questions will also answer the issues raised by the defendant Farrell on his appeal. Thus this opinion will settle all three cases.

The defendant Farrell and the petitioners Loeb and Mahrer contend that the violations do not constitute felonies punishable

by imprisonment in the penitentiary, but are misdemeanors punishable by imprisonment in the county jail. The problem arises because the penalty sections of the Uniform Controlled Substances Act, cited in the certified questions, do not state the place of imprisonment and do not state the classification of the offense, that is, whether it is a felony or a misdemeanor. They read as follows:

"1. Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:

"a. a controlled substance classified in schedules I or II which is a narcotic drug, is guilty of a crime and upon conviction shall be imprisoned for not less than ten days and not more than ten years for the first offense. For a second or subsequent offense under this subdivision, the person, upon conviction, shall be imprisoned for not less than twenty years. Sentences under this subdivision shall not be suspended, and the trial court shall not defer imposition of sentence on a person convicted hereunder. A corporation, upon conviction hereunder, shall be sentenced to a fine of not less than ten thousand dollars;

"b. any other controlled substance classified in schedule I, II, or III, is guilty of a crime and upon conviction may be imprisoned for not more than ten years, or fined not more than five thousand dollars, or both;

"c. a substance classified in schedule IV, is guilty of a crime and upon conviction may be imprisoned for not more than five years, or fined not more than two thousand five hundred dollars, or both;

"d. a substance classified in schedule V, is guilty of a crime and upon conviction may be imprisoned for not more than one year, fined not more than one thousand dollars, or both.

"2. * * *

"3. It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime and upon conviction may be imprisoned for not more than five years, fined not more than two thousand five hundred dollars, or both; except that any person who violates this subsection regarding possession of marijuana, shall be guilty of a crime and upon conviction may be fined not more than five hundred dollars or imprisoned in the county jail or in the state penitentiary for not more than one year or both." Section 19–03.1–23, N.D.C.C.

Except for possession of marijuana, the above sections prescribe only the duration of the permissible punishment.

█ We were faced with a similar question in Davis v. Riedman, 114 N.W.2d 881 (N.D.1962). That case involved the crime of assignation as a first offense. The penalty statute provided for imprisonment for not more than one year but did not state whether the crime was a misdemeanor or a felony, nor did it state the place of imprisonment. In that case we held:

"Where a statute prescribing a penalty is susceptible of two constructions, that construction which is most favorable to the defendant is to be preferred."

"Where statute creates crime of assignation and provides penalty of imprisonment for not more than one year without classifying the crime as a misdemeanor or felony and without fixing the place of imprisonment, the crime is deemed a misdemeanor and commitment should be to the county jail rather than the State penitentiary."

In the body of the opinion, at 884, we said:

"Construing the statutes in effect applicable to this case most favorable to the defendant, *and in the absence of a showing that the quantum of the punishment bears a reasonable relationship to a sentence in the penitentiary,* we hold that assignation, as a first offense, is a misdemeanor punishable by imprisonment in the county jail." [Emphasis added.]

In State v. Newton, 247 Iowa 550, 74 N. W.2d 687 (1956), the Supreme Court of Iowa, having adopted the same rule adopted by this court in *Davis,* determined that the rule is not applicable when the quantum of punishment bears no natural or reasonable relation to punishment by confinement in a county jail, and held that under Iowa's rape statute, which fixed the punishment for any number of years to life imprisonment without designating the place of imprisonment or the classification of the offense, the defendant was not entitled to have the offense deemed a misdemeanor and was properly sentenced to a term of five years in the men's reformatory. We agree with the Iowa court.

■ The proponents of the claims that the offenses are misdemeanors have cited cases from several jurisdictions which support our result in *Davis,* and we adhere to our decision in that case. However, we are confronted here with a statute which provides quantum of punishment which bears no natural or reasonable relation to punishment by imprisonment in a county jail. The various parts of the statute under consideration carry penalties ranging from maximums of five years to life imprisonment. The classifications of offenses warranting such periods of imprisonment are obviously of the felony class. Section 12–01–03, N.D.C.C., provides:

"The rule of the common law that penal statutes are to be construed strictly has no application to this title [Crimes and Punishments]. All its provisions and all penal statutes are to be construed according to the fair import of their terms to effect their objects and to promote justice."

Clearly, confinement in a county jail for periods up to five years or to life imprisonment has no natural or reasonable relation to accomplishing the object of punishment, nor does it promote justice. Furthermore, such a sentence bears no natural or reasonable relation to confinement in an institution considered to be less penal, such as a county jail.

We also note that Sections 19–03.1–24 and 19–03.1–25, N.D.C.C., which prohibit violations of controls imposed upon those persons legally registered to handle controlled substances or to dispense them on prescription, classifies a violation of such statutes as a *"felony* and upon conviction may be imprisoned for not more than one year, fined not more than five thousand dollars, or both." [Emphasis added.] These sections classify the offenses named therein as felonies but do not state the place of imprisonment. It is also noted that the exception contained in subsection 3 of Section 19–03.1–23, N.D.C.C., provides that a person who violates this subsection regarding possession of marijuana "shall be guilty of a crime and upon conviction may be fined not more than five hundred dollars or imprisoned in the county jail or in the state *penitentiary* for not more than one year or both." [Emphasis added.]

It is indicated by the quantum of punishment allowable that these crimes are considered less serious than those set forth in the subsections being considered here. Yet the Legislature saw fit to declare some of

the violations as felonies, and one, without declaring it to be a felony, as being punishable by imprisonment in the penitentiary. Certainly the Legislature could not have considered that those crimes for which a longer punishment was provided should be considered lesser and classified as misdemeanors punishable by imprisonment in the county jail.

For the reasons set forth in this opinion we determine the answers to Certified Questions 1, 2 and 3 to be "Yes". Having answered questions 1, 2 and 3 in the affirmative, and finding that the sentences in all the convictions in issue here were made to the penitentiary, and because question 4 goes beyond the issues involved in the proceedings before the trial court in that it includes subdivisions c and d of subsection 1, Section 19–03.1–23, N.D.C.C., and the possession of marijuana under the exception contained in subsection 3 of Section 19–03.1–23, N.D.C.C., we decline to answer it as the answer would be merely advisory, and not vital or of great moment in these cases. The statute providing for certification of questions of law to this court does not contemplate the giving of advisory opinions. City of Grand Forks v. Grand Forks County, 139 N.W.2d 242 (N.D.1965); Backman v. Guy, 126 N.W.2d 910 (N.D.1964).

For the reasons set forth in this opinion, we affirm the judgment and sentence in State v. Farrell.

ERICKSTAD, C. J., and VOGEL, KNUDSON and PAULSON, JJ., concur.

Also, for the reasons set forth in this opinion, the cases of Loeb v. Landon and Mahrer v. Landon are remanded for further proceedings according to law.*

ERICKSTAD, C. J., KNUDSON and PAULSON, JJ., and BEEDE, District Judge, concur.

* VOGEL, J., deeming himself disqualified did not participate; WILLIAM M. BEEDE, Judge of the Fifth Judicial District sitting in his place.