STATE of North Dakota, Plaintiff
and Appellee,

v.

Scott David BRYAN, a/k/a Scott David
Wood, Defendant and Appellant.

Cr. Nos. 797, 801.

Supreme Court of North Dakota.

Feb. 24, 1982.

Bruce D. Quick, Asst. State's Atty., Fargo, for plaintiff and appellee State of North Dakota.

Mark A. Beauchene of Kraemer, Beauchene & Associates, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Scott David Bryan appealed from the criminal judgment of the Cass County district court which modified a prior oral sentence. We reverse and remand for reimposition of the original sentence.

Scott David Bryan was charged in two separate informations of one count of burglary [Sec. 12.1–22–02, N.D.C.C.] and three counts of theft of property [Sec. 12.1–23–02, N.D.C.C.]. On August 28, 1981, pursuant to a plea agreement, Bryan pleaded guilty to the burglary charge and guilty to two of the theft-of-property charges. All three are Class C felonies. The third theft-of-property charge, a misdemeanor, was dismissed. The trial court sentenced Bryan to three consecutive six-month terms in the Penitentiary. Later in the day, the trial judge realized that due to an amendment to Section 12.1–32–02, which added subsection 9,[1] Bryan's felony convictions probably

1. Subsection 9 of Section 12.1–32–02, N.D.C.C., which was effective July 1, 1981, provides:

"9. A person convicted of a felony who is

would be considered misdemeanors because the sentence for each felony was less than one year. The record indicates that the trial judge was not aware of this statute when the original sentence was imposed. On August 31, 1981, the trial judge re-called the State's Attorney, Bryan, and defense counsel for the purpose of correcting the sentence to conform to the trial judge's intent. Ostensibly the trial judge's intent was that Bryan's felony convictions continue to be considered felonies after the sentence is served. To accomplish that, the trial judge changed the original sentence from three consecutive six-month sentences to three concurrent eighteen-month sentences.

Bryan argues that a valid sentence cannot be increased once the defendant has commenced serving the original sentence without violating the guarantee against double jeopardy contained in the United States Constitution, Amendment V. We agree with the conclusion Bryan urges but we need not reach the constitutional question; rather, we base our holding on the lack of authority to change a sentence except as authorized by the provisions of Rule 35, N.D.R.Crim.P.

Prior to the adoption of Rule 35, the courts had no power to change the sentence. Once the case had been tried, judgment of conviction had been rendered, and sentence had been pronounced, the court lost its jurisdiction. *State v. Gronlie*, 213 N.W.2d 874 (N.D.1973); *John v. State*, 160 N.W.2d 37 (N.D.1968). But Rule 35 is limited; it permits a sentencing court to "correct an illegal sentence at any time ... [and may within a specified time period] correct a sentence imposed in an illegal manner ... [or] reduce a sentence ..." It contains no provision for increasing a sentence. There is nothing here to indicate that the original sentence was illegal or imposed in an illegal manner and neither the defense counsel nor the State's Attorney so argue.[2]

Did the trial court reduce or increase Bryan's original sentence? Arguably, the second sentence is merely a restatement of the original sentence; however, we believe that the effect is to increase the punishment. The trial court resentenced Bryan on August 31, 1981, to three concurrent eighteen-month terms at the State Penitentiary. Bryan's maximum confinement under both sentences is eighteen months. Bryan argues that the fact that the three eighteen-month sentences are to be served concurrently does not diminish the severity of the punishment. He argues that the second sentence increased the amount of time he is to serve on each count from six months to eighteen months. He also argues that the imposition of the second sentence results in a more severe punishment because of the effect of Section 12.1–32–02(9). Bryan argues that after successful completion of the term of imprisonment his criminal record will indicate that he had been convicted of three misdemeanors under the original sentence, but that under the second sentence it will indicate that he had been convicted of three felonies. This, he argues, in itself constitutes an augmentation of the original sentence.

We believe that Section 12.1–32–02(9) effectively increases the punishment imposed by the second sentence. For guidance we look to *Davis v. Riedman*, 114 N.W.2d 881 (N.D.1962). In *Davis*, the defendant was convicted of the crime of assignation. Pursuant to the statute which permitted imprisonment for not more than one year the defendant was sentenced to the State Penitentiary for one year. At that time Section 12–01–07, superseded, defined a felony as a crime which is or may be punishable with death or imprisonment in the Penitentiary. By a writ of habeas corpus the defendant argued that assignation was a misdemean-

sentenced to imprisonment for not more than one year shall be deemed to have been convicted of a misdemeanor upon successful completion of the term of imprisonment."

2. The statute which contains the penalty for a Class C felony, Section 12.1–32–01, N.D.C.C., speaks only of a maximum and not a minimum penalty. Section 12.1–32–01 permits the imposition of a maximum of five years' imprisonment, a fine of five thousand dollars, or both.

or, not a felony, and that it was not punishable by imprisonment in the State Penitentiary. This court determined that the crime of assignation was not classified as a misdemeanor or a felony and the place of imprisonment was not specified. This court said, "Generally where the statute does not state a crime is a felony or a misdemeanor, or classify it by fixing the place of imprisonment, and doubt exists whether it shall be punished by imprisonment in the State penitentiary or the county jail, the defendant will be given the benefit of the doubt and the offense will be deemed a misdemeanor, punishable by confinement in the county jail." 114 N.W.2d at 883. We believe this language indicates that conviction of a misdemeanor is to be considered a less severe punishment than conviction of a felony. Therefore, the modification of a sentence that would effectively deny a defendant's ability to utilize Section 12.1–32–02(9) to reduce a felony conviction to a misdemeanor by successful completion of his sentence does increase the punishment of the original sentence.

■ We do not believe that it is material that the trial judge here did not prepare the written criminal judgment until after the second sentencing. According to Section 12.1–32–02(6), "If an offender is sentenced to a term of imprisonment, that term of imprisonment commences at the time of sentencing, unless, upon motion of the defendant, the court orders the term to commence at some other time." Rule 35, N.D. R.Crim.P., uses different language to convey the same idea: "The sentencing court may reduce a sentence within 120 days after the sentence is imposed, ...." We decide that the sentence was imposed and, absent a motion by Bryan, imprisonment commenced when the trial judge pronounced the sentence. There can be no doubt that both occurred when the trial judge pronounced the original sentence because, after the original sentencing, Bryan was held in the Cass County jail by the Cass County sheriff awaiting transportation to the State Penitentiary.[3]

■ Under Rule 35 a sentencing court may only correct an illegal sentence, correct

---

3. Although we do not address the constitutional issue raised by Bryan, we do not mean to say that future amendments to Rule 35 could not force the double-jeopardy question. If Rule 35 were amended to allow a sentencing court to increase a sentence and either Section 12.1–32–02(6) was not changed to provide that a sentence commenced at a time later than decided here, or the circumstances were different, we would be faced directly with the constitutional question of double jeopardy. Beginning with *Ex parte Lange*, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1873), the United States Supreme Court has held that double jeopardy is violated when a sentence is increased after the defendant has begun to serve the sentence. See *United States v. Benz*, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), and *Sullens v. United States*, 409 F.2d 545, 547 (5th Cir. 1969). A number of Federal cases have permitted a sentence to be increased but only because the defendant had not begun to serve his sentence. See *United States v. Ford*, 632 F.2d 1354, 1380 (8th Cir. 1980) [when defendant was called back to court for correction of sentence he was free on bail and had not started serving his first sentence]; *Williams v. United States*, 422 F.2d 1318 (5th Cir. 1970) [after sentencing but before defendant left courthouse he was returned to the courtroom and resentenced to a longer period of imprisonment; *held* that because the defendant had not been removed from the trial court's custody he had not commenced service

of his sentence]; and *Oxman v. United States*, 148 F.2d 750 (8th Cir. 1945) [defendant was sentenced and then removed from the courtroom to a room in the marshal's office across the hall from the courtroom; after codefendants were sentenced the Court resentenced the defendant to a longer period of imprisonment; *held* that the defendant had not yet begun to serve his sentence because "he was taken to the room by the deputy marshal without a commitment either at his own request or to wait until his co-defendants had received their sentences and a commitment could be issued so that all the defendants pleading guilty and receiving sentences under the same indictment could be committed to the county jail to await transportation to a penitentiary ..."]. Basic to these decisions, and the major distinguishing feature from our statute, is 18 U.S.C.S. 3568, which provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.... If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention...."

a sentence imposed in an illegal manner, or reduce a sentence. Bryan's original sentence was not illegal or imposed in an illegal manner. The second sentence did not reduce the original sentence; it increased the punishment. Therefore, the trial judge's attempt to change Bryan's original sentence violates the provisions of Rule 35. As we said in *State v. Rueb*, 249 N.W.2d 506, 511 (N.D.1976): "The change or modification of a sentence is permitted in North Dakota now, but only pursuant to Rule 35, NDRCrimP."

We reverse that portion of the criminal judgment which revised the original sentence and remand the case to the trial court for reimposition of the original sentence.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.