**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Francis GARVIN, Defendant and Appellant.**

Cr. No. 882.

Supreme Court of North Dakota.

Feb. 10, 1983.

---

Melody R.J. Jensen, Asst. States Atty., and Robert G. Hoy, State's Atty., Fargo, for plaintiff and appellee; argued by Melody R.J. Jensen.

George E. Duis, Fargo, for defendant and appellant.

ERICKSTAD, Chief Justice.

This is an appeal by the defendant, Francis Wesley Garvin, from a modified sentence, dated July 7, 1982, by the County Court with Increased Jurisdiction of Cass County. We reverse and remand so that the original sentence may be reinstated.

The facts in this case are not in dispute and thus can be briefly summarized. Garvin was arrested for driving while under the influence of intoxicating liquor in violation of Section 39–08–01, N.D.C.C. Subsequent thereto, Garvin plead guilty to the DWI charge and voluntarily underwent treatment from October 27, 1981, through November 19, 1981, at the Chemical Dependency Unit of the North Dakota State Hospital.

The county court ultimately sentenced Garvin for this offense on February 24, 1982:

"THE COURT: Mr. Duis, I'm going to do one thing right now as a part of the sentence and we'll save you another trip out there because as a part of the sentence it is ordered that the defendant forfeit his driver's license for the rest of his natural life.

\* \* \* \* \* \*

"THE COURT: And that he not drive an automobile or any motor vehicle.

\* \* \* \* \* \*

"THE COURT: Whether that sentence is illegal or legal you can test, Mr. Duis, but that's part of it.

"MR. DUIS: Well, all right.

"THE COURT: That's part of his probation.

\* \* \* \* \* \*

"THE COURT: All right. I'm going to do something a little bit differently. I'm going to sentence you to one year in the Cass County jail. I'm going to stay the execution of the running of that sentence for an indefinite period of time. And I'm going to sentence you to pay a fine of $1,000 and the payment of that fine can be worked out on a monthly basis if need be.

"I want you to reappear in 30 days."

On July 7, 1982, the county court modified the sentence it had imposed on February 24, 1982:

" ... I'm going to continue with the modification of sentence ... and it will be three months confinement with the balance of nine suspended for a period of two years. The fine of $1,000 to continue and the driver's license to be forfeited to the State until, for life or until further order of this or some other Court of competent jurisdiction."

The issues presented by this factual situation are twofold:

(1) Whether or not the county court's modified sentence, dated July 7, 1982, constituted an increase of Garvin's original sentence; and

(2) Whether or not Garvin's sentence as modified was valid.

In order to adjudicate the questions raised on appeal, we must first analyze Garvin's original sentence. During the court proceedings on February 24, 1982, the sentencing court unequivocally stated: " ... That's part of his probation ... I'm going to sentence you to one year in the Cass County jail. I'm going to stay the execution of the running of that sentence for an indefinite period of time."

In the case at bar, the facts indicate that Garvin relied upon and interpreted these

statements to mean the court had suspended his sentence and placed him on probation. As a result, Garvin contends that he reappeared on a monthly basis so that the court could ascertain if he was abiding by the terms of his probation.[1] In addition, Garvin participated in Antabuse, utilized the AA facilities, and was evaluated by Southeast Human Services in accordance with the court's request.

We are of the opinion that Garvin was correct in believing the statements in question implied that the county court intended to suspend Garvin's one-year jail sentence pursuant to Section 12–53–03, N.D.C.C.[2] Consequently, taking into consideration both the sentencing court's comments and Garvin's actions in reliance thereon, we conclude that the court proceedings on February 24th should be interpreted as resulting in Garvin receiving a suspended sentence and being placed on probation.

On July 7, 1982, the sentencing court modified Garvin's original sentence. In lieu thereof, the court ordered that Garvin be sentenced to "three months with the balance of nine suspended for a period of two years." This modification, from probation to confinement, obviously increased Garvin's original sentence.

A sentencing court may change or modify a sentence only in accordance with the provisions of Rule 35, N.D.R.Crim.P. *State v. Bryan,* 316 N.W.2d 335, 338 (N.D.1982); *State v. Rueb,* 249 N.W.2d 506, 511 (N.D. 1976). Pursuant to this rule, a court is authorized to "correct an illegal sentence at any time . . . correct a sentence imposed in an illegal manner within the time provided . . . [or] reduce a sentence." The language in Rule 35 does not authorize a sentencing court to increase a sentence. *Bryan,* 316 N.W.2d at 336. Therefore, because the modified sentence increased Garvin's original sentence and the original sentence of one year in the county jail, which was in effect imposed and suspended, was neither illegal nor imposed in an illegal manner, we conclude that the sentence imposed July 7, 1982, violated the provisions of Rule 35. Accordingly, we reverse and remand for reinstatement of the original sentence.

VANDE WALLE, PEDERSON, PAULSON and SAND, JJ., concur.

---

1. The State does not contest the fact that Garvin may have reappeared on a monthly basis; however, it does assert that such appearances were not before the sentencing court and the State was not present when Garvin appeared.

2. Section 12–53–03 of the North Dakota Century Code reads in pertinent part:
   "*12–53–03. Suspension when crime is misdemeanor—Power to recommit limited.*

—When the facts set forth in section 12-53-01 appear and the defendant has been found guilty of a misdemeanor, the court or magistrate may suspend the execution of the sentence or may modify or alter the sentence in such manner as appears just and right to the court or magistrate in view of all of the circumstances."