STATE of North Dakota, Plaintiff and Appellee,

v.

Alvin E. HERSCH, Defendant and Appellant.

Cr. Nos. 900330CA, 900331CA.

Court of Appeals of North Dakota.

March 15, 1991.

James M. Vukelic (argued), Deputy Atty. Gen., Atty. Gen.'s Office, Bismarck, for plaintiff and appellee.

Krassin Law Office, Wahpeton, for defendant and appellant; argued by Don R. Krassin.

WILLIAM F. HODNY, District Judge.

Defendant appeals from the amended judgment of resentence. We affirm.

In three Informations, defendant was charged with nine counts of theft of property. After jury trial, defendant was found guilty on all nine counts. All counts were Class C felonies punishable by a maximum of five years' imprisonment each.

On Count 1, defendant was sentenced to serve five years at the North Dakota State Penitentiary. Two years of the five were

suspended for a five-year period subject to conditions.

On Counts 2 through 9, defendant was sentenced to serve consecutive sentences of one year with each of the sentences suspended for a period of five years subject to conditions.

Under this sentencing arrangement, the sentence on Count 1 would not have expired for five years. After this initial five-year period, the consecutive sentences on Counts 2 through 9 would begin and run for the suspended period of five years. The whole sentencing package would have taken 10 years to completion.

Defendant appealed all of his convictions, and the Supreme Court reversed Counts 1, 2, 3, 5, 7, 8 and 9. Counts 4 and 6 were affirmed. *State v. Hersch*, 445 N.W.2d 626 (N.D.1989). The seven reversed counts are presently pending in district court.

Upon remand of the case to district court, the State moved to have defendant resentenced on Counts 4 and 6. The court ordered a resentencing and sentenced defendant to concurrent sentences of five years' imprisonment with four years suspended on each count. This represents an increased prison sentence on those two counts, but less prison time than originally given on Count 1. This sentencing arrangement runs for a total of five years versus the ten years on the original sentencing arrangement.

■ On appeal the defendant raises no constitutional issue regarding the resentencing,[1] nor does he raise the issue of vindictive sentencing.[2] Defendant does challenge the jurisdiction and authority of the district court to resentence.

Defendant contends that once a sentence is imposed, the court loses jurisdiction, *State v. Gronlie*, 213 N.W.2d 874 (N.D. 1973); *John v. State*, 160 N.W.2d 37 (N.D. 1968), except that under Rule 35, N.D.R.

Crim.P., a court is authorized to correct an illegal sentence, correct a sentence imposed in an illegal manner, or reduce a sentence, *State v. Bryan*, 316 N.W.2d 335 (N.D. 1982), but may not increase a sentence. *State v. Garvin*, 329 N.W.2d 621 (N.D. 1983). None of these cases considered a resentencing after partial reversal of a multi-count sentence. We do not view them as precedent on the issues presented by this case because of our acceptance of the aggregate sentence package theory as explained below.

In the resentence proceedings before the district court, the State relied on *State v. Haugen*, 449 N.W.2d 784 (N.D.1989), as authority allowing a resentencing. Defendant correctly observes that in *Haugen, supra,* the Supreme Court specifically remanded with instructions giving the district court an opportunity to reconsider its sentence on counts affirmed whereas in this case the remand was for further proceedings consistent with the opinion with no specific direction allowing or prohibiting resentence. We note that in *Haugen, supra,* the court apparently gave the direction for reconsideration of sentence because the sentences not reversed ran consecutive to the reversed sentence.

Rule 35(d), N.D.R.App.P., provides that the Supreme Court may reverse, affirm, or modify the judgment and may set aside, affirm, or modify any or all proceedings subsequent to or dependent upon the judgment and if proper order a new trial. The rule then concludes, "In either case, the action must be remanded to the trial court with proper instructions, together with the opinion of the court." In *Hersch, supra,* the court in its opinion provided for a new trial on the seven reversed counts and concluded by affirming in part, reversing in part and remanding for further proceedings consistent with the opinion. The mandate accompanying the opinion does not

---

**1.** In *State v. Bryan*, 316 N.W.2d 335, 337 n. 3 (N.D.1982), Justice VandeWalle alerted to possible double-jeopardy in resentencing. Caselaw seems to have obviated some of these concerns. *U.S. v. Busic*, 639 F.2d 940 (3rd Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981).

**2.** *U.S. v. Gray*, 852 F.2d 136 (4th Cir.1988), contains a discussion of the federal caselaw dealing with vindictive sentencing.

contain any instructions different from the opinion.

This case presents the question of what time a consecutive sentence begins when it is consecutive to a reversed sentence. It is defendant's position that the consecutive sentences began on the reversal of any prior sentence. This contention, though logical, was not supported by any statutory or case authority and leaves matters somewhat indefinite. For instance, could the defendant claim his period of probation had not commenced if brought before the court for a violation within the first five years?

Obviously, the Supreme Court did not expressly authorize the district court to resentence. On the other hand, the court did reverse only a portion of the judgment. The sentences in Counts 4 and 6, which were not reversed, were consecutive to the sentence in Count 1 and would not have begun until the expiration of five years. The reversal of some counts and affirmance of others upset the sentencing package devised by the district judge, because the various counts were interdependent for reasons already mentioned.

In *State v. Raucci*, 21 Conn.App. 557, 575 A.2d 234 (1990), the court analyzed the caselaw and reached a result based on the aggregate package view of sentencing. We accept this view. As in this case, the defendant in *Raucci, supra*, did not challenge the constitutionality of the revised sentences but rather attacked the trial court's authority to increase his sentence. Further, the trial court was bound to sentencing rules similar to our Rule 35, N.D.R. Crim.P.

Under the aggregate sentence package, a defendant appealing any of his convictions and punishments voluntarily calls into play the validity of the entire sentencing package. Thus, when one or more of the convictions is reversed on appeal without specific instruction from the appellate court the sentencing court may review the sentencing package and increase the sentences on individual counts if the original sentence is not exceeded. The original sentencing court is viewed as having imposed individual sentences merely as component parts of a larger total sentence for the aggregate convictions. To invalidate part of the package without allowing a review and revision of the sentence on the remaining valid convictions would frustrate the sentencing intent. On a resentencing, the trial court is not acting pursuant to Rule 35, N.D.R.Crim.P., to increase a sentence. Rather the result of the appeal is such that the court may review the objectives of the sentence as though it had been so directed by the appellate court.[3] *U.S. v. Shue*, 825 F.2d 1111 (7th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987).

The opposing view would limit the sentencing court to a vacation of the sentences on the reversed convictions and ordering execution of the sentences on the convictions affirmed without a consideration of the relationship between the sentences. Such a limitation is not required by the law nor is it a desirable limitation on the sentencing authority of a court to fashion a sentence suited to the situation presented. "[R]etrofitting a sentence after a conviction is sustained in part and vacated in part seems altogether a sensible, fully legitimate response to criminal conduct." *U.S. v. Pimienta–Redondo*, 874 F.2d 9, 14 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989). "It is no answer to suggest that district judges should guard against appellate disruption of sentencing packages by making all sentences run concurrently. The availability of consecutive, deferred, and/or suspended sentences, and their judicious use, have historically been important accoutrements of the district courts' broad sentencing authority." *Id.*, at 16 n. 7.

Under our own law as contained in Section 12.1–32–02(10), N.D.C.C., a felony conviction can be reduced to a misdemeanor by a sentence to imprisonment for not more than one year. District court judges routinely give the defendant a "break," as did

---

**3.** Sections 29–28–30.1 and 29–28–31, N.D.C.C., do not deal with sentencing and have no effect on a resentencing such as involved in this case.

the judge in this case, by imposing the "real" sentence on one of the counts and then sentencing in accordance with the above section so as to reduce some or all of the remaining counts to misdemeanors even though they are equally serious. If the sentencing judge is to insure his sentence in the face of a possible appeal and reversal of some of the counts by imposing identical and concurrent sentences, defendants will find themselves with long felony records. It is better law to let the trial judge exercise discretion and sentence according to the crime and qualities of the defendant.

Thus, we hold that when a defendant appeals from a judgment which contains sentences for more than one count he challenges the entire sentencing package. When one or more of the convictions are reversed without specific instruction from the appellate court, the sentencing court may review and revise the sentences on individual counts if the original sentence is not exceeded. This should be done with a view to preserving the objectives of the original sentence.

In this case the resentencing does not exceed the total of the original effective sentence. We affirm.

SCHMALENBERGER, D.J., concurs.

VERNON R. PEDERSON, Surrogate Judge, dissenting.

The majority of this Court of Appeals panel has applied clear logic, rules of fair play, and sound precedent from the State of Connecticut [*State v. Raucci*, 21 Conn. App. 557, 575 A.2d 234 (1990)] and from the Federal Seventh Circuit [*U.S. v. Shue*, 825 F.2d 1111 (7th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987)] in reaching a result that seems to assure that Alvin Hersch does not escape appropriate penalties for his conduct. I have a much more complex view of the situation.

The majority opinion shuns the clear language of Rule 35, N.D.R.Crim.P., and the instructions contained in recent decisions that have not been set aside or explained in any manner. I do not understand how this panel can have a view that the *Bryan, supra,* and *Garvin, supra,* opinions are not precedent.

Justice VandeWalle, in explaining Rule 35, stated:

"Under Rule 35 a sentencing court may only correct an illegal sentence, correct a sentence imposed in an illegal manner, or reduce a sentence. Bryan's original sentence was not illegal or imposed in an illegal manner. The second sentence did not reduce the original sentence; it increased the punishment. Therefore, the trial judge's attempt to change Bryan's original sentence violates the provisions of Rule 35. As we said in *State v. Rueb*, 249 N.W.2d 506, 511 (N.D. 1976): *'The change or modification of a sentence is permitted in North Dakota now, but only pursuant to Rule 35, NDRCrimP.'*" *State v. Bryan*, 316 N.W.2d 335, 337–338 (N.D.1982). [Emphasis added.]

*See also* opinion by Erickstad, Chief Justice in *State v. Garvin*, 329 N.W.2d 621 (N.D. 1983).

It is my view that it is entirely appropriate that a sentence which covers more than one conviction be considered a "package" but as was recognized by Circuit Judge Ripple in *U.S. v. Shue, supra,* at 1115, sentencing packages can become "unbundled" because of a successful appeal, just as has happened in this case. To say that there will be ample opportunity to explore the sentencing limits on the sentencing judge when and if there is an election to retry the remaining counts, (*U.S. v. Shue, supra,* at 1116), can be, at best only a delay of the inevitable or another grand opening of an entirely new can of worms.

Judge Borden acknowledged, in *State v. Raucci, supra,* at 236, that "the defendant, in appealing his conviction and punishment, has voluntarily called into play the validity of the entire sentencing package, and, thus, the proper remedy is to vacate it in its entirety."

The judgment by North Dakota Supreme Court in *State v. Hersch*, 445 N.W.2d 626 (N.D.1989), did not "vacate it in its entire-

ty" but "[a]ffirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion."

The Supreme Court thus began the "unbundling" of the sentencing package and even though we do not understand why, we must assume that it was intentional. When the prosecutor moved for resentencing on Counts 4 and 6, the "unbundling" was complete. I would reverse the judgment and remand to the trial court with specific instructions to "repackage" by a retrial of the remaining seven counts and then a new sentence which disposes of all counts.